OPINION
The following appeal arises from a decision of the Youngstown Municipal Court granting Gregory Szewczyk's ("appellee") motion to suppress evidence obtained pursuant to his arrest for driving under the influence of alcohol. For the following reasons, the decision of the trial court is reversed and this matter is remanded.
 I. FACTS
On November 12, 1997, Officer Carmen Constantino and Officer Owens of the Mahoning County Sheriff's Department were on routine patrol of the downtown Youngstown area. While on patrol at approximately 3:00 a.m. the officers observed a vehicle legally parked in a parking lot with its engine running and its headlights turned on. The officers observed the vehicle for approximately three minutes before proceeding to drive up to it. Upon reaching the vehicle, the officers observed the keys in the ignition and appellee slumped over the steering wheel. The officers awoke appellee and asked him to step out of the vehicle. Appellee admitted that he had been drinking alcohol and was subsequently placed under arrest for driving while under the influence of alcohol, "D.U.I.", in violation of R.C. 4511.19.
On December 23, 1997, appellee filed a motion to suppress the evidence obtained pursuant to his arrest for driving under the influence of alcohol. The municipal court held a hearing on the motion on January 28, 1998. The court found that the vehicle was parked on private property and did not violate any laws by being parked there. The court also found that appellee was trying to sleep off the effects of the alcohol rather than driving on the roadway, thus there was no probable cause to proceed with the D.U.I. testing. Although the court acknowledged that appellee could have been charged with public intoxication, it held that the officers did not have reason to suspect that appellee may have participated in illegal activity. The municipal court ultimately granted appellee's motion to suppress. The State filed a timely notice of appeal on February 5, 1998.
 II. STANDARD OF REVIEW
An appellate court may not disturb a trial court's decision on a motion to suppress where the decision is supported by competent, credible evidence. State v. Winand (1996), 116 Ohio App.3d 286,288. When reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings and relies on the trial court's ability to assess the credibility of the witnesses, but independently determines "without deference to the trial court, whether the court has applied the correct legal standard." State v. Anderson
(1995), 100 Ohio App.3d 688, 691.
 III. ASSIGNMENT OF ERROR NO. ONE
The State's first assignment of error reads:
 "THE FOURTH AMENDMENT WAS NOT IMPLICATED WHEN THE OFFICER'S (sic) APPROACHED THE DEFENDANT'S VEHICLE AS NO SEIZURE HAD OCCURRED."
The State argues that the initial "stop" did not constitute a stop nor was it a seizure for purposes of the Fourth Amendment. The State asserts that a seizure did not occur because to constitute a seizure, the person must suffer a restraint upon his liberty or feel that he cannot leave. Under the facts herein, the State argues that because appellant was sleeping he was not cognizant of the officer's presence and thus could not suffer a restraint upon his liberty or feel that he could not leave, or was forced to submit to authority.
 A. LAW
The United States Supreme Court has defined when a seizure has occurred for purposes of the Fourth Amendment in Terry v. Ohio
(1968), 392 U.S. 1. The Court stated:
 "* * * [N]ot all personal intercourse between policemen and citizens involves `seizures' of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a `seizure' has occurred." Id. at 19, fn. 16.
The Washington County Court of Appeals similarly stated inState v. Bird (Dec. 31, 1992), Washington App. No. 92CA2, unreported:
 "In order to determine whether a particular encounter constitutes a seizure, a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter. Florida v. Bostick (1991), 111 S.Ct. 2382, 2388-2389; United States v. Mendenhall (1980), 446 U.S. 544, 554." Id. at 6.
Law enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place. Bostick, supra, at 2386 citing Florida v. Rover
(1983), 460 U.S. 491, 497. More importantly, the mere approach and questioning of persons seated within parked vehicles does not constitute a seizure so as to require reasonable suspicion supported by specific and articulable facts. 3 LaFave, Search andSeizure (2Ed. 1987) 408-409, 415-416, section 9.2 (b).
A consensual encounter can occur when a police officer approaches and questions individuals in or near a parked car. SeeUnited States v. Castellanos (D.C. Cir. 1984), 731 F.2d 979
(police questions of persons in a parked car is not a seizure);United States v. Pajari (8th Cir. 1983), 715 F.2d 1378 (no seizure in approaching an individual in a parked vehicle);Atchley v. State (Ala.App. 1981), 393 So.2d 1034 (no seizure where officer approached vehicle to inquire of sleeping occupant); Buckingham v. State (Del. 1984), 482 A.2d 327 (inquiry of persons in a stalled car not a seizure); Lightbourne v. State
(Fla. 1983), 438 So.3d 380 (no seizure where officer approached parked car and asked occupants a few questions). See, also, Statev. Williams (1990), 51 Ohio St.3d 58, wherein the Supreme Court of Ohio held that the Fourth Amendment is not implicated until a seizure has occurred. Id. at 61.
B. ANALYSIS
Officer Constantino initially approached the vehicle because he was concerned that the occupant may be seriously hurt or possibly dead. (Tr. 10). The officer's approach towards the vehicle to question the occupant did not constitute a seizure. SeeCastellanos, etc., supra. Rather, Officer Constantino engaged in a consensual encounter with appellee to ascertain his safety.
Furthermore, appellee has failed to demonstrate that his liberty had been restrained in such a way at that point in time that he would not have felt free to leave. The State's first assignment of error is with merit.
IV. ASSIGNMENT OF ERROR NO. TWO
The State's second assignment of error reads:
 "EXIGENT CIRCUMSTANCES JUSTIFIED THE ACTION TAKEN IN THIS CASE."
The State argues that Officer Constantino's decision to check appellee's well-being because of his belief that appellee may have been in serious danger created an exigent condition which would justify a warrantless search.
A. LAW AND ANALYSIS
The foregoing assignment of error has been rendered moot by our previous determination of assignment of error number one. Pursuant to App.R. 12 (A)(1)(c), we reserve ruling upon this assignment of error.
V. ASSIGNMENT OF ERROR NO. THREE
The State's third assignment of error reads:
 "THE OFFICER HAD REASONABLE SUSPICION THAT CRIMINAL ACTIVITY HAD OCCURRED TO JUSTIFY A STOP OF THE DEFENDANT."
The State argues that an officer has reasonable suspicion that the operator of a motor vehicle may be committing a crime when the officer observes a driver slumped over the steering wheel of a running automobile parked alone in a lot across from a closed drinking establishment at 3:00 a.m.
A. LAW
The Fourth and Fourteenth Amendments to the United States Constitution, as well as Section 14, Article I of the Ohio Constitution, prohibit any governmental search or seizure, including a brief investigative stop, unless supported by an objective justification. State v. Andrews (1991), 57 Ohio St.3d 86,87. To warrant a brief investigatory stop pursuant to Terry,supra, the police officer involved "must be able to point to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry, supra at 21. Such an investigatory stop "must be viewed in light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman
(1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
In Columbus v. Linley (Sept. 24, 1987), Franklin App. No. 87AP-284, unreported, the Franklin County Court of Appeals held that the inquiry of a defendant found slumped over the wheel of a running vehicle at 3:00 in the morning was warranted. The court held that such circumstances could reasonably indicate serious illness or participation in criminal activity, among other reasonable possibilities.
Similarly, in Columbus v. Gatliff (Dec. 5, 1991), Franklin App. No. 91AP-751, unreported, the Franklin County Court of Appeals held that where an officer noticed an odor of an alcoholic beverage upon waking the defendant to see if he was alright and then observed two open containers in the car, the officer had reasonable suspicion to investigate further.
B. ANALYSIS
Officer Constantino testified that at approximately 3:00 a.m. while conducting a security check of a parking lot across from a drinking establishment, he observed a vehicle in the parking lot with its engine running and the operator slumped over the steering wheel. (Tr. 3). Officer Constantino further commented that it was unusual to see a vehicle with its engine running in that particular lot at that time in the morning. (Tr. 15). The drinking establishment across from the lot had closed over one hour prior to the encounter. (Tr. 15). Officer Constantino then observed the vehicle for approximately three minutes before confronting appellee to see if he was alright. (Tr. 15).
Under the totality of the circumstances surrounding Officer Constantino at the time the stop occurred, i.e., the hour at which the stop occurred, the fact that the drinking establishment across from the parking lot had closed one hour earlier, the fact that appellee's car was the only one in the lot, the fact that its headlights were on and the engine was running, and the fact that appellee was slumped over the steering wheel, it was completely reasonable for the officer to effectuate the stop and confirm appellee's well-being. To hold otherwise would obviate the officer's responsibility to ascertain the well-being of the operator. The State's third assignment of error is with merit.
VI. ASSIGNMENT OF ERROR NO. FOUR
The State's fourth assignment of error reads:
 "THE COURT ERRED WHEN IT SEEMED TO DETERMINE THAT ONCE THE INITIAL INVESTIGATION WAS COMPLETED THE OFFICER LACKED REASONABLE SUSPICION TO FURTHER DETAIN THE DEFENDANT AS THE OFFICER'S OBSERVATION CREATED REASONABLE SUSPICION OF A SEPARATE ILLEGAL ACTIVITY."
The State argues that the officer was justified in ordering appellee from his vehicle after the officer observed appellee with vomit on his clothing, observed appellee's blood-shot eyes, and noticed a smell of alcohol coming from his person.
A. LAW
In State v. Robinette (1997), 80 Ohio St.3d 234, the Supreme Court of Ohio held:
 "When a police officer's objective justification to continue detention of a person stopped for a traffic violation for the purpose of searching the person's vehicle is not related to the purpose of the original stop, and when that continued detention is not based on any articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention, the continued detention to conduct a search constitutes an illegal seizure." Id. at 240.
The United States Supreme Court held that a police officer may, as a matter of course, order passengers of a lawfully stopped automobile to exit the vehicle. Pennsylvania v. Mimms (1997),434 U.S. 106.
Once the reason for the detention ends, the citizen detained must be allowed to continue on his way. State v. Chatton (1984),11 Ohio St.3d 59, 62. An officer may not, without additional cause, detain a person stopped for a traffic offense or equipment violation longer than necessary to issue a citation. State v.Foster (1993), 87 Ohio App.3d 32, 40. However, if circumstances attending an otherwise proper stop should give rise to a reasonable suspicion of some other illegal activity, different from the suspected illegal activity that triggered the stop, then the vehicle and the driver may be detained for as long as that new articulable and reasonable suspicion continues, even if the officer is satisfied that the suspicion that justified the stop initially has dissipated. State v. Myers (1990), 63 Ohio App.3d 765,771.
B. ANALYSIS
Officer Constantino initially proceeded to pull up to appellee's vehicle because he was concerned that appellee might be seriously hurt or dead. (Tr. 10). Officer Constantino then tapped on the window for approximately five minutes in an effort to arouse appellee. (Tr. 10). While knocking on the window, Officer Constantino noticed that appellee was covered in vomit. After successfully waking appellee, appellee attempted to roll down his window, but was unable to successfully coordinate his movements so he opened the door. (Tr. 10). The officer asked appellee to step out of the vehicle and he complied. (Tr. 4). Officer Constantino stated that appellee had vomit on his shirt and jeans, his eyes were bloodshot, and his breath smelled of alcohol. (Tr. 4). Appellee admitted that he had consumed alcohol earlier that evening. (Tr. 5). Officer Constantino asserted that he had no intention of investigating whether appellee had been drinking until he was able to witness appellee's physical demeanor. (Tr. 12).
The officer initially approached appellee to determine his well-being. However, upon confirmation that appellee was all right Officer Constantino observed appellee with vomit on his clothing, bloodshot eyes, and noticed the smell of alcohol on his breath. Officer Constantino was also able to observe appellee's uncoordinated physical movements as evidenced by appellee's inability to roll down his window. Such evidence was sufficient to give rise to a reasonable suspicion that appellee had been driving while under the influence of alcohol and justified appellee's continued detention although unrelated to the initial circumstances giving rise to the stop. The State's fourth assignment of error appears with merit.
For the foregoing reasons, the decision of the trial court granting appellee's motion to suppress evidence obtained subsequent to the investigatory stop, but prior to the arrest, is reversed and this cause is remanded to the trial court for further proceedings consistent with this court's opinion and according to law. However, due to the prosecutor's failure to raise an assignment of error pertaining to the arrest, that portion of the trial court's order suppressing evidence obtained subsequent to the arrest is hereby affirmed.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 _________________________ JOSEPH J. VUKOVICH, JUDGE