OPINION
Defendant-appellant, Jacqueline Myers, appeals from a decision of the Columbiana Court of Common Pleas finding her guilty of operating a motor vehicle while under the influence of alcohol.
On April 6, 1999, Lisbon Patrolman Timothy Myers' (Myers) wife paged him while he was at the police station. She told him that someone was banging at their door and it sounded as though the person was going to tear the door off. Myers and Sergeant Fred Carlisle (Carlisle) responded to the call. As a result of his investigation from speaking with the victim (his wife), Myers contacted the dispatcher at the Lisbon Police Department and advised him of a possible drunk driver in a gold Ford Taurus possibly traveling south.
Carlisle proceeded south on State Route 11 while Myers traveled south on State Route 45. Myers came upon a gold Ford Taurus approximately one to one and one half miles outside the village limits. He followed the car until Ohio Highway Patrolman Ken Metz (Metz) passed him and continued to follow the car.
The Lisbon dispatcher had informed the Lisbon post of the State Highway Patrol of a possible drunk driver heading south on U.S. Route 30/State Route 45. At that time Metz got in his patrol car and headed south on U.S. Route 30/State Route 45 and came upon a Lisbon Police cruiser following a gold Ford Taurus. Metz followed the vehicle which was traveling thirty miles per hour in a fifty-five miles per hour zone. Metz testified that one indicator of a possible D.U.I. is a vehicle traveling at a very slow speed or a very high speed.
The vehicle turned into the parking lot of the Bar X Tavern which appeared to Metz to be closed. Metz proceeded past the tavern and turned around. When he drove past the tavern on his way back to the station, the car was gone. Metz then turned east onto East Liverpool Road and observed the car ahead of him turn right without signaling a turn. Metz followed the car and noticed that it was the same Ford Taurus he had seen previously. He stopped the vehicle for failure to signal a turn, a violation of R.C. 4511.39. Appellant, the driver, exited the vehicle and approached Metz yelling that she was set up. Metz told appellant he did not know what she was talking about and she responded that her ex-husband was a Lisbon cop. Metz detected a strong odor of alcohol on appellant and noticed that her eyes were bloodshot and glassy. He called another officer, Trooper Greg Mamula (Mamula), to the scene because his shift was over.
Mamula arrived at the scene. He asked appellant to perform four field sobriety tests: the horizontal gaze nystagmus, the walk and turn test, the one leg stand, and a portable breath test. Appellant failed all four tests and Mamula arrested her for D.U.I.
Appellant was subsequently indicted by the Columbiana County Grand Jury for D.U.I., where, within six years of this offense, she had been convicted of or plead guilty to three other D.U.I. offenses, making the charge a felony of the fourth degree.
Appellant moved to suppress the evidence gathered in this case as a result of an illegal stop. The trial court denied the motion. Appellant entered a plea of "no contest" and the court found her guilty of driving while intoxicated in violation of R.C. 4511.19(A)(1). The court sentenced appellant to six months in jail, a $15,000 fine and a two year license suspension. This timely appeal followed.
Appellant originally raised two assignments of error, however, she voluntarily dismissed her second assignment of error. Her remaining assignment of error states:
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT SUSTAINING THE DEFENDANT'S MOTION TO SUPPRESS AND MOTION TO DISMISS."
Appellant argues that Metz did not have reasonable and articulable suspicion to stop her. Therefore, she claims that since the stop was unreasonable, the trial court should have suppressed the evidence gathered at the scene.
In response, plaintiff-appellee, the State of Ohio, argues that Metz had reasonable and articulable suspicion to believe appellant committed a crime when she turned right without signaling a turn. Accordingly, appellee asserts that the trial court properly denied appellant's motion to suppress.
When reviewing a motion to suppress, an appellate court is to determine whether the trial court's findings are supported by competent, credible evidence. State v. Winand (1996), 116 Ohio App.3d 286, 288. An officer making an investigatory stop must have a reasonable, articulable suspicion that the person is or has been engaged in criminal activity before he is justified in making the stop. Terry v. Ohio (1968),392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; Delaware v. Prouse (1979),440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660.
Metz testified that he observed appellant turn right without signaling. He testified that he stopped appellant's vehicle for failure to signal a turn. Failing to signal a turn is a violation of R.C. 4511.39, which states in pertinent part:
 "No person shall turn a vehicle * * * unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided." (Emphasis added.)
Even though Metz may have been motivated to stop appellant based on the information that a possible drunk driver was operating a gold Ford Taurus, he testified that he observed appellant make a right turn and fail to signal the turn. That fact alone provided an adequate basis for the stop. Metz also testified that appellant was traveling at thirty miles per hour in a fifty-five miles per hour zone, and that a vehicle traveling at a very slow speed is an indication of a possible D.U.I. The Ohio Supreme Court has held:
 "Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11.
Accordingly, appellant's sole assignment of error is without merit.
The decision of the trial court is hereby affirmed.
WAITE, J., concurs, DeGENARO, J., concurs.