OPINION
Defendant-appellant, Charles K. Quesenberry, appeals his conviction following a bench trial in the Belmont County Court, Northern Division, for driving under the influence of alcohol in violation of R.C.4511.19(A)(1).
On or about February 14, 1999, appellant was traveling northbound on State Rt. 7 in Belmont County, Ohio, near the intersection of State Rt. 7 and Aetna Street in Bridgeport, Ohio. Two on-duty patrol officers from Bridgeport, Officers Studnec and DeNoon, testified that appellant ran a red light. The officers, who were traveling in the opposite direction on State Rt. 7, turned their vehicle around and began to pursue appellant. The officers did not engage their emergency lights. Officers DeNoon and Studnec testified that appellant was traveling at a high rate of speed and that they were traveling at speeds in excess of 80 miles per hour in an attempt to catch up to him.
Appellant lost control of his car near the intersection of State Rt. 7 and Hanover Street in Martins Ferry, Ohio. Appellant's car struck a guardrail three times, became airborne, flipped over, and hit the ground. As soon as the officers witnessed the accident, Officer DeNoon radioed the Martins Ferry Police Department who dispatched Officer Flanagan to the scene. The Bridgeport officers made contact with appellant while he was in his car. Officer DeNoon testified that appellant was dazed, and upon opening appellant's car door, he smelled a strong odor of alcohol on appellant's breath. Officer Studnec also testified that appellant had a strong odor of alcohol on his person, could barely stand, and had slurred speech. Both officers testified that appellant appeared to be under the influence of alcohol.
A short time thereafter, Officer Flanagan of the Martins Ferry Police Department arrived at the scene. The Bridgeport officers did not communicate their observations to Officer Flanagan; rather they proceeded to clean up the crash debris from the highway. Officer Flanagan asked appellant to perform his ABC's and appellant was unable to perform the ABC test correctly. Officer Flanagan then contacted the Ohio State Highway Patrol to investigate the matter further, handcuffed appellant, and placed him in the back of a police cruiser until the Ohio State Highway Patrol arrived at the scene.
Shortly thereafter, Sergeant Bernard of the Ohio State Highway Patrol arrived at the scene where he proceeded to give appellant a series of field sobriety tests which included the horizontal gaze nystagmus (HGN) test, the one leg stand test, and the walk and turn test. Sergeant Bernard also testified that appellant staggered when he walked and had the odor of alcohol on him. Officer Bernard testified that appellant failed these field sobriety tests.
Officer Bernard asked appellant to take a BAC test. Appellant refused to submit to the test and was charged with driving under the influence in violation of R.C. 4511.19(A)(1). On April 2, 1999, appellant filed a motion to dismiss. A hearing was held on the motion May 5, 1999, where the trial court overruled appellant's motion to dismiss.
A bench trial was held on June 21, 1999. The trial court found appellant guilty of driving under the influence of alcohol in violation of R.C. 4511.19(A)(1). Appellant also renewed his motion to dismiss at trial which the court overruled. The trial court sentenced appellant to ninety days in jail. The trial court stated that it would suspend sixty of the ninety-day sentence if appellant enrolled in a Driver Intervention Program. The trial court also imposed a $366.00 fine and ordered appellant to pay court costs.
Appellant requested a stay of sentence which the trial court granted on June 30, 1999. Appellant filed a timely notice of appeal June 23, 1999.
Appellant's first assignment of error states:
 "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BASED UPON THE STATE'S FAILURE TO ESTABLISH THAT OFFICER FLANAGAN HAD PROBABLE CAUSE TO ARREST APPELLANT."
Appellant argues that Officer Flanagan lacked probable cause to arrest him. He alleges that Officer Flanagan's acts of placing handcuffs upon him and placing him handcuffed in the back of the police cruiser turned an investigative stop into an arrest.
This court has previously concluded on numerous occasions that our standard of review with respect to a motion to suppress is limited to determining whether the trial court's findings are supported by competent, credible evidence. State v. Lloyd (1998), 126 Ohio App.3d 95,100; State v. Winand (1996), 116 Ohio App.3d 286, 288, citing Tallmadgev. McCoy (1994), 96 Ohio App.3d 604, 608. Such a standard of review is appropriate as, "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses."State v. Hopfer (1996), 112 Ohio App.3d 521, 548, quoting State v.Venham (1994), 96 Ohio App.3d 649, 653. As a reviewing court, this Court must accept the trial court's factual findings and the trial court's assessment of witness credibility. State v. Brown (Sept. 7, 1999), Belmont App. No. 96-BA-22, unreported at 2, citing State v. Anderson
(1995), 100 Ohio App.3d 688, 691. However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. State v.Williams (1993), 86 Ohio App.3d 37, 41, overruled on other grounds as stated in Village of McComb v. Andrews (Mar. 22, 2000), Hancock App. No. 5-99-41, unreported, 2000 WL 296078.
As recently discussed by this Court in its decision in State v.Whitfield (Nov. 1, 2000), Mahoning App. No. 99-CA-111, unreported, 2000 WL 1670679, a seizure occurs when a reasonable person under the circumstances would believe that he was not free to go. Id. at *3, citingUnited States v. Mendenhall (1980), 446 U.S. 544, 554. Upon being handcuffed and placed in the back of a police cruiser, a reasonable person would believe that he was not free to go. However, not all seizures constitute arrests. Id. at *3, citing Terry v. Ohio (1968), 392 U.S. 1,16. A Terry investigative stop is a seizure that does not rise to the level of an arrest. Id. at *3. In determining whether an act amounts to an arrest or an investigative stop this Court noted:
 "An arrest, which must be supported by probable cause to be valid, is characterized by four elements: (1) an intent to arrest; (2) under real or pretended authority; (3) accompanied by actual or constructive seizure or detention; (4) which is so understood by the person arrested." Id., citing State v. Barker
(1978), 53 Ohio St.2d 135, 139.
As in this Court's decision in Whitfield, the missing element in the instant cases is the intent to arrest. As noted in Whitfield:
 "Admittedly, under certain circumstances, the act of handcuffing may manifest the officer's intent and cause an investigatory stop to ripen into an arrest. However, this act does not automatically convert a stop into an arrest. In some cases, the act of handcuffing may constitute a reasonable means to detain an individual stopped during an investigatory stop. One must look at the totality of the facts and circumstances in making such a determination." (Emphasis sic; Citations omitted.) Id. at *3.
Applying the law to the facts of the present case, it appears that Officer Flanagan had not intended to arrest appellant when he handcuffed him and placed him in the back of the cruiser. Rather, Officer Flanagan's actions were taken in furtherance of his and appellant's safety as well as in furtherance of his investigative stop. Officer Flanagan was dispatched to the scene of appellant's crash. Once Officer Flanagan arrived at the crash scene, he approached appellant's car to see if he had been injured.
Appellant's actions and demeanor lead Officer Flanagan to suspect that he was under the influence of alcohol. As a result, Officer Flanagan contacted the Ohio State Highway Patrol who dispatched Sergeant Bernard to the scene to undertake a further investigation of the matter. While Officer Flanagan waited for Sergeant Bernard to arrive, he handcuffed appellant and placed him in the back of a patrol car.
Due to the severe nature of the crash, appellant's diminished motor and coordinative skills, and the high traffic area where the crash was located, there was a chance that appellant might injure himself or the other officers who were conducting the investigation. Under the totality of the facts and circumstances in the case at bar, it appears that Officer Flanagan's act of handcuffing appellant and placing him into the back of the police cruiser did not convert the investigative stop into an arrest.
As such, appellant's first assignment of error is without merit.
Appellant's third assignment of error states:
 "EVEN IF OFFICER FLANAGAN HAD SUFFICIENT CAUSE TO ARREST, THE COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS UPON THE STATE'S FAILURE TO ESTABLISH THAT SERGEANT BERNARD HAD SUFFICIENT CAUSE TO ARREST."
In appellant's third assignment of error, appellant argues that the state presented insufficient evidence to establish that Sergeant Bernard had probable cause to arrest him. Appellant argues that his poor HGN performance, coupled with his blood shot eyes and slurred speech, equally could have been attributed to his being injured or shaken up from the motor vehicle accident.
A thorough review of the record shows that Sergeant Bernard possessed probable cause to arrest appellant for driving under the influence of alcohol. Sergeant Bernard testified as to the several factors that led him to believe that appellant had been driving under the influence. Appellant had an odor of alcohol on his person, he acknowledged that he had been drinking, he staggered when he walked, and he failed the three field sobriety tests administered by Sergeant Bernard.
Accordingly, appellant's third assignment of error is without merit.
Appellant's second assignment of error states:
 "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BASED UPON THE FAILURE OF THE ARRESTING OFFICER TO APPEAR OR TESTIFY AT THE MOTION HEARING."
Pursuant to App.R. (12)(A)(1)(c), appellant's second assignment of error has been rendered moot by the disposition of appellant's first and third assignments of error.
In appellant's second assignment of error, appellant argues that the trial court erred in denying his April 2, 1999 motion to dismiss because Officer Flanagan, who appellant argues was the arresting officer, failed to testify at the motion to dismiss hearing. As such appellant argues that the state failed to present sufficient evidence demonstrating that the state had probable cause to arrest him.
As noted in appellant's first assignment of error, Officer Flanagan was not the arresting officer so his failure to testify had no bearing on whether or not the arresting officer, Sergeant Bernard, had probable cause to arrest appellant for driving under the influence.
The judgment of the trial court is hereby affirmed.
 ____________ DONOFRIO, J.
Waite, J., concurs
DeGenaro, J., concurs