This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Brett Wise, has appealed the decision of the Cuyahoga Falls Municipal Court which denied his motion to suppress. We affirm.
Hudson City Police charged Defendant with driving while under the influence of alcohol, in violation of R.C. 4511.19(A)(1) and failing to maintain his lane of travel, in violation of R.C. 4511.25(A). Defendant appealed his administrative license suspension and moved to suppress all evidence resulting from the stop of his vehicle. The trial court denied the motion and the appeal. The court dismissed the charge for failing to maintain lane of travel and Defendant pled no contest to the remaining charge of driving while under the influence of alcohol. The trial court sentenced him accordingly. Defendant timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred in overruling [Defendant's] motion to suppress and ALS appeal finding that the officer had a reasonable suspicion of criminal activity justifying the stop of [Defendant's] vehicle.
In his assignment of error, Defendant argues that the trial court erred in denying his motion to suppress. Specifically, Defendant contends that the arresting officer did not have reasonable suspicion that Defendant was weaving in his lane in violation of Hudson Codified Ordinance 432.38 to justify the stop. We disagree.
An appellate court's standard of review with respect to a motion to suppress is whether the trial court's findings are supported by competent, credible evidence. State v. Winand (1996), 116 Ohio App.3d 286,288, citing Tallmadge v. McCoy (1994), 96 Ohio App.3d 604, 608. "In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer
(1996), 112 Ohio App.3d 521, 548, quoting State v. Venham (1994),96 Ohio App.3d 649, 653. However, once accepting those facts as true, the appellate court must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard. State v. Guysinger (1993),86 Ohio App.3d 592, 594.
Law enforcement officers may perform a warrantless investigative stop of a vehicle if it is supported by a reasonable, articulable suspicion that the driver is engaged in criminal activity or is operating his vehicle in violation of the law. See Terry v. Ohio (1968), 392 U.S. 1,27, 20 L.Ed.2d 889, 909; Delaware v. Prouse (1979), 440 U.S. 648, 663,59 L.Ed.2d 660, 673. The United States Supreme Court has held that a traffic stop is lawful, regardless of an officer's motives in stopping a vehicle, so long as a reasonable officer could stop the vehicle for a traffic violation. Whren v. United States (1996), 517 U.S. 806, 809,813, 135 L.Ed.2d 89, 95, 98.
As we stated in State v. Flanagan (June 14, 2000), Wayne App. No. 99CA0045, unreported, at 4, appellate review of whether a particular investigatory stop was reasonable or not, is a two part review. Ornelasv. United States (1996), 517 U.S. 690, 696, 134 L.Ed.2d 911, 919. The first is a factual review of the events leading up to the stop. Id. Once the historical facts are determined, the second inquiry is whether the "historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion." Id. This inquiry is a mixed question of fact and law. Id. The Supreme Court has held that, "as a general matter determinations of reasonable suspicion * * * should be reviewed de novo on appeal[.]" Id. at 699,134 L.Ed.2d at 920. In performing this review, we heed the caution of the Supreme Court that reasonable suspicion is a "fluid [concept] that take[s its] substantive content from the particular contexts in which the [standard is] being assessed." Id. at 696, 134 L.Ed.2d at 918. The context of this review includes that "[a] trial judge views the facts of a particular case in light of the distinctive features and events of the community; likewise, a police officer views the facts through the lens of his police experience and expertise." Id. at 699, 134 L.Ed.2d at 920-921. In reaching a de novo conclusion that the arresting officer's suspicion was reasonable, we are directed to "give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Id. at 699, 134 L.Ed.2d at 920.
In the instant case, the arresting officer testified at the suppression hearing. She stated that she observed Defendant driving his vehicle on a roadway which consisted of two lanes, one in each direction, of standard width. The observations took place at approximately 1:15 a.m. The officer testified that she saw Defendant's vehicle cross over the white fog line on the right side of the lane on two occasions within an area of one-quarter of a mile. The officer stated that in each instance the inner part of the vehicle's right tires crossed over the line by four inches. The vehicle traveled over the line for a "matter of seconds" the first time and for "three seconds" the second time. The trial court found that when the arresting officer made the stop, she had a reasonable and articulable suspicion that Defendant was weaving within his lane in violation of Hudson Codified Ordinance 432.38.
Hudson Codified Ordinance provides that "[n]o person shall drive a vehicle upon a street or highway in a weaving or zig zag course, unless such irregular course is made necessary by traffic exigencies." The only exception under the ordinance is if traffic exigencies make it necessary to take the irregular course. In this case, the record is devoid of any reasons which required Defendant to drive over the fog line.
While Defendant does not contend that the officer's testimony regarding the events leading up to the stop is inaccurate, he argues that crossing over the fog line on two occasions was not a proper basis for effecting a traffic stop. In Defendant's appellate brief, he cites to Ohio cases in which courts have held that a minor marked-lane violation does not give reasonable grounds for a stop. See, e.g., State v. Williams (1993),86 Ohio App.3d 37 (finding that insignificant momentary lapses or slight deviations in control do not usually give rise to a reasonable articulable suspicion of illegal driving). Nonetheless, repeated instances of improper control over a short distance may give rise to such a suspicion. See, e.g., State v. Lynn (Dec. 4, 1992), Hocking App. No. 92CA8, unreported, 1992 Ohio App. LEXIS 6233, at *5 (weaving within lane several times within three blocks justified investigatory stop).
Defendant relies heavily on State v. Brite (1997), 120 Ohio App.3d 517, to support his proposition that the arresting officer did not have reasonable suspicion that Defendant's vehicle was weaving to justify the stop. In Brite, the Fourth District Court of Appeals found that a trooper's "sketchy" testimony that he had observed the defendant's vehicle cross the right-hand white edge line of his lane two times over the span of a mile was insufficient to justify the stop of the vehicle.State v. Vest (May 29, 2001), Ross App. No. 00CA2576, unreported, 2001 Ohio App. LEXIS 2441, at *13-14 (summarizing its holding in Brite). The holding in Brite "reflected [the] court's belief that isolated instances of weaving and/or marked lane violations that are not described with particularity do not provide a factual basis for finding reasonable suspicion for drunk driving." Id. at *14-15.
This case is readily distinguishable because the detailed testimony from the suppression hearing reflected more than a slight isolated lapse in control. The suppression hearing testimony reveals Defendant's repeated weaving within his lane: (1) the distance Defendant traveled over the fog line (four inches) (2) the number of times Defendant drove over the line (two) (3) the length of time Defendant remained over the line in each instance (a "matter of seconds" and three seconds, respectively); and (4) the total distance Defendant traveled while the officer observed the weaving (one-quarter mile). Based on these detailed observations occurring over a relatively short distance, we hold that the arresting officer possessed the requisite reasonable and articulable suspicion to stop Defendant for violating Hudson Codified Ordinance 432.38.
Moreover, we note that Brite, along with Flanagan, upon which Defendant also relies, discussed whether crossing the right-hand edge line could give rise to a reasonable suspicion that the driver was driving under the influence, not whether such conduct could provide a reasonable suspicion that the driver had committed a traffic violation. Brite,120 Ohio App.3d at 521; State v. Flanagan, supra, at 6. In the case at bar, the officer stopped Defendant for a traffic offense, weaving within the marked lane of travel, not upon a reasonable suspicion that Defendant was driving while under the influence of alcohol. Once the officer observed Defendant commit the traffic violation, a traffic stop was justified. See Whren,517 U.S. at 809, 813, 135 L.Ed.2d at 95, 98. Accordingly, based upon the foregoing reasons, Defendant's assignment of error is overruled.
Defendant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _________________________ LYNN C. SLABY
BATCHELDER, P.J., WHITMORE, J. CONCUR.