This matter presents a timely appeal from a judgment rendered by the Eastern Area County Court for Columbiana County, Ohio finding Defendant-Appellant Steven T. Lazenby (hereinafter "Lazenby") guilty of Driving Under the Influence of alcohol (hereinafter "DUI")in violation of R.C. 4511.19(A)(1); failure to drive within the marked lanes of a highway in violation of R.C. 4511.25; and failure to wear a seatbelt in violation of R.C. 4513.263. Upon consideration of the record in the trial court and the parties' briefs, for the following reasons, the decision of the trial court is affirmed.
On May 14, 2000 at approximately 12:21 a.m. Lazenby was traveling southbound on State Route 7 in Columbiana County Ohio. State Highway Patrol Sergeant John S. Lenkey (hereinafter "Sgt. Lenkey"), was traveling northbound on Route 7 near the intersection of State Route 46 when he first noticed Lazenby's truck approaching in the oncoming lane. Sgt. Lenkey observed Lazenby's truck driving noticeably to the right of the right edge line of the road in the berm area. Sgt. Lenkey performed a U-turn and headed south on Route 7 and began following Lazenby's truck from a distance of about five car lengths behind. Sgt. Lenkey was not immediately behind the truck as a car remained between Sgt. Lenkey and Lazenby's truck during relevant times of observation.
Over a distance of between one-half and three-quarters of a mile on the two lane roadway, Sgt. Lenkey twice observed Lazenby's truck swerve left of the centerline, and onto the centerline during a third leftward drift. Sgt. Lenkey characterized Lazenby's movement into the oncoming lane as "a swerving motion across, and then he came back again." Sgt. Lenkey then observed Lazenby drive "off of the right side of the road, onto the berm, about two feet across the white edge line."
After this fourth observation, Sgt. Lenkey pulled over Lazenby's vehicle. Sgt. Lenkey characterized the general volume of traffic on the road as moderate at the time he observed Lazenby, but he admitted Lazenby did not actually cross the road lines in the immediate presence of oncoming traffic in such a way as to actually cause an accident. Sgt. Lenkey was concerned, however, that Lazenby might be falling asleep near a dangerous section of the road.
In overruling Lazenby's Motion to Suppress, the trial court relied upon a "totality of the circumstances", giving weight to factors such as "how far over [the road line] the Defendant was on each of [the] occasions" that he drifted out of the lane, and "the officer's characterization of [Lazenby's driving as] being sufficiently erratic to make him be concerned that Defendant might be falling asleep [while driving]." Lazenby was convicted and sentenced to pay a $550 fine, serve ten days in jail, and forfeit his driving privileges for one hundred eighty days for the DUI offense. He was also ordered to pay a $25 fine for the lane violation and $25 for the seatbelt violation. Lazenby timely filed his notice of appeal with this court on December 8, 2000.
Lazenby's argues in his sole assignment of error:
 "The trial court erred as a matter of law in overruling the Defendant/Appellant's Motion to Suppress; since there is insufficient evidence in the record to support a finding that the Ohio State Highway Trooper had a reasonable and articulable suspicion that the Defendant was violating any traffic law."
In State v. Brown (June 1, 1999), Columbiana App. No. 97-CO-27, unreported, this court held the standard of review in an appeal of a suppression issue is two-fold. Brown, citing State v. Lloyd (1998),126 Ohio App.3d 95, 709 N.E.2d 913. As the trial court is in the best position to evaluate witness credibility, we must uphold the trial court's findings of fact if they are supported by competent, credible evidence.Id.; Village of Barnesville v. Wayable (Mar. 31, 2000), Belmont App. No. 98BA36, unreported; State v. Winand (1996), 116 Ohio App.3d 286, 288,688 N.E.2d 9, 11; State v. Dunlap (1995), 73 Ohio St.3d 308, 314,652 N.E.2d 988, 995. We must then conduct a de novo review of the trial court's application of the law to the facts. State v. Anderson (1995),100 Ohio App.3d 688, 691, 654 N.E.2d 1034, 1036. Thus, whether the trial court met the applicable legal standard is a question of law answered without deference to the trial court's conclusion. Id.; State v.Williams (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141, 1142 (overruled on other unrelated grounds).
Although the Fourth Amendment of the United States Constitution does not explicitly provide that violations of its provisions against unlawful search and seizure will result in suppression of evidence obtained as a result of a violation, the United States Supreme Court held the exclusion of that evidence is an essential part of the Fourth Amendment. Weeks v.United States (1914), 232 U.S. 383, 394, 345 S.Ct. 341, 345,58 L.Ed. 652, 656; Mapp v. Ohio (1961), 367 U.S. 643, 649, 81 S.Ct. 1684, 1688,6 L.Ed.2d 1081, 1086. The primary purpose of this exclusionary rule is to remove incentive to violate the Fourth Amendment and thereby deter police from unlawful conduct. State v. Jones (2000), 88 Ohio St.3d 430, 435,727 N.E.2d 886, 891.
In order to make an investigatory stop of a vehicle, a law enforcement officer must merely have reasonable suspicion, not probable cause. Statev. Bobo (1988), 37 Ohio St.3d 177, 178, 524 N.E.2d 489, 491. Reasonable suspicion means the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion [or stop]." Terry v. Ohio
(1968), 392 U.S. 1, 20-21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889. Statev. Lloyd (1998), 126 Ohio App.3d 95, 102, State v. Miller (May 23, 2001), Summit App. No. 20227, unreported.
The traffic law Lazenby was initially stopped for violating is R.C.4511.25, which provides:
"(A) Upon all roadways of sufficient width, a vehicle or trackless trolley shall be driven upon the right half of the roadway, except as follows:
When overtaking and passing another vehicle proceeding in the same direction, or when making a left turn under the rules governing such movements;
When an obstruction exists making it necessary to drive to the left of center of the highway; provided, any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard;
When driving upon a roadway divided into three or more marked lanes for traffic under the rules applicable thereon;
When driving upon a roadway designated and posted with signs for one way traffic;
When otherwise directed by a police officer or traffic control device.
None of these exceptions apply to the incident involving Lazenby as he claims his driving pattern was a result of his unfamiliarity of the area. The statute is relatively clear. Nothing contained therein offers motorists the opportunity to make minor violations at their choosing, regardless of their level of familiarity of the area.
The United States Supreme Court and Ohio Supreme Court have both held that any violation of a traffic law gives rise to a reasonable suspicion to make an investigatory stop of a vehicle. Whren v. United States
(1996), 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89, State v. Wilhelm
(1998), 81 Ohio St.3d 444, 692 N.E.2d 181. Dayton v. Erickson (1996),76 Ohio St.3d 3, 665 N.E.2d 1091.
In determining whether or not Sgt. Lenkey had reasonable suspicion to stop Lazenby, the inquiry focuses upon whether or not Sgt. Lenkey could have reasonably concluded from Lazenby's driving that he was violating a traffic law. Erickson, supra at 11-12, 665 N.E.2d at 1097. In the instant case, Lazenby was charged and convicted for violation of R.C. 4511.25, which requires drivers to maintain vehicles on the right side of the road. Applying Erickson, the inquiry ends with the determination that Sgt. Lenkey witnessed Lazenby violate a traffic law R.C. 4511.25 in this case.
In light of Brown and Lloyd, we must undertake a twofold inquiry into the denial of Lazenby's motion to suppress. We must first determine if there was competent and credible evidence to support the trial court's conclusion that Sgt. Lenkey had a reasonable, articulable suspicion that Lazenby was or had been engaged in criminal activity when he made the stop. Winand, supra 116 Ohio App.3d at 288, 688 N.E.2d 9 citing Terry,supra. We conclude the trial court correctly found Sgt. Lenkey did, in that the officer witnessed Lazenby operate his vehicle in a manner which caused it to cross outside of the lane it was being driven. Next, we presume that the facts presented by the State at trial are true for the purpose of determining whether as a matter of law, those facts presented a sufficient basis for Sgt. Lenkey to have had reasonable suspicion for an investigative stop. Anderson, supra. We conclude the investigatory stop was valid as a matter of law.
Because Sgt. Lenkey had a reasonable and articulable suspicion that a violation of the law occurred, the trial court did not err in overruling Lazenby's motion to suppress. Lazenby's sole assignment of error is meritless and the judgment of the trial court is affirmed.
Vukovich, P.J., concurs.
Donofrio, J., concurs.