JOURNAL ENTRY AND OPINION
{¶ 1} Santana Doss appeals a judgment of the trial court denying his motion to suppress a weapon found in his vehicle. On appeal, he assigns the following as error for our review:
 {¶ 2} THE COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION TO SUPPRESS.
{¶ 3} Having reviewed the argument of the parties and the pertinent law, we conclude the trial court erred in denying the motion to suppress; therefore, we reverse.
{¶ 4} At the suppression hearing, the state presented the testimony of Cleveland Detectives Eugene Jones and Ali Pillow. Jones testified during the evening hours of October 15, 1999 into the morning of October 16, 1999, he was investigating a suspected gambling house at 787 E. 105th Street, Cleveland, Ohio. Through a confidential informant, he received information Stanley "Tex" McShane operated a gambling house at the location and suspected drug activity at the same location; the informant also informed him one of the males frequently at that location was armed. The informant told the police Santana Doss was gambling at that location; he had a large sum of money; he was armed and drove a black Dodge Ram truck with a temporary tag.
{¶ 5} Upon receiving this information, the informant, Pillow, and Detective Rodney McClendon proceeded to that location in an unmarked vice unit vehicle. They parked a distance away from the house and began surveillance; they observed a black Dodge Ram parked in the street and determined it to be Doss' vehicle. At approximately 12:15 a.m., Doss exited the house and while he attempted to enter his vehicle, the detectives activated takedown lights and tried to stop his progress into the vehicle. Doss disregarded the order, proceeded into his vehicle and drove away, stopping a short distance down the street. Jones testified he observed him fumbling with something in the front seat; Doss then exited his vehicle and approached the detectives, ignoring their commands to stay in the vehicle. Jones patted him down and discovered approximately $4,000 in cash on his person.
{¶ 6} Pillow's version of the events paralleled those given by Jones; he further testified he entered Doss' vehicle to determine if anyone else was in it and discovered a gun under the driver's seat. Upon further search of the vehicle, Pillow found a loaded magazine in a pocket of a brown leather jacket. Doss was then arrested. The state rested.
{¶ 7} Regarding Doss' claim the court erred in denying his motion to suppress, we begin our analysis with the appropriate standard of review. The court in State v. Lloyd[1] stated:
 {¶ 8} [O]ur standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. See State v. Winand (1996), 116 Ohio App.3d 286
citing Tallmadge v. McCoy (1994), 96 Ohio App.3d 604. * * * [T]his is the appropriate standard because "in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer (1996), 112 Ohio App.3d 521. However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard.
{¶ 9} In Terry v. Ohio,[2] the court held that a police officer may stop and investigate unusual behavior, even without probable cause to arrest, when he reasonably concludes that the individual is engaged in criminal activity. "In justifying a Terry-type intrusion, however, the police officer may not rely upon a mere hunch or an unparticularized suspicion."[3] "The police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."[4]
{¶ 10} The issue in this case is whether the initial stop of Doss' vehicle constituted an illegal intrusion thereby poisoning the fruits of the subsequent search. We conclude it did.
{¶ 11} The testimony presented by Jones and Pillow fail to establish Doss was engaged in any criminal activity at the time they stopped him. In fact, the only information the detectives gained from the confidential informant was the type of vehicle Doss drove and that at some time in the past he had been seen at that location and at some time in the past had been armed. What is noticeably lacking from the testimony, and a point that defense counsel made repeatedly, was they did not observe Doss doing anything illegal. Therefore, they had no basis to stop Doss; it logically follows if the detectives had no reasonable suspicion of criminal activity to justify stopping Doss' vehicle, the search is illegal and the weapon found is the fruit of a poisonous tree. Therefore, the motion to suppress should have been granted and the case dismissed. Accordingly, we reverse the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and remanded.
This cause is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and JAMES J. SWEENEY, J., CONCUR.
[1] (1998), 126 Ohio App.3d 95, 709 N.E.2d 913.
[2] (1968), 392 U.S. 1, 88 S.Ct. 1868.
[3] State v. Ford (1989), 64 Ohio App.3d 105, 580 N.E.2d 827, quotingState v. Price 1987 Ohio App. LEXIS 7418 (June 10, 1987), Montgomery App. No. 9760.
[4] Terry, supra, at 21, 88 S.Ct. at 1880.