The STATE of Ohio, Appellee,

v.

WINAND, Appellant.

[Cite as *State v. Winand* (1996), 116 Ohio App.3d 286.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 94–C–80.

Decided Dec. 4, 1996.

*Robert L. Herron*, Columbiana County Prosecuting Attorney, and *John Shivers*, Assistant Prosecuting Attorney, for appellee.

*Edward A. Sowinski, Jr.*, for appellant.

GENE DONOFRIO, Judge.

Defendant-appellant, Tim Winand, appeals from an order of the Northwest Area County Court, Columbiana, Ohio, finding him guilty of driving under the influence of alcohol in violation of R.C. 4511.19(A)(1).

Appellant was driving his motor vehicle east on U.S. 62 on May 9, 1994, at approximately 1:15 a.m. Ohio State Patrol Trooper Metz was on duty at that time, driving his vehicle west on U.S. 62, when he saw appellant. Trooper Metz clocked appellant's speed of travel with moving radar at fifty-one miles per hour in a thirty-five mile per hour zone. Trooper Metz turned his vehicle around to catch up with appellant. As Trooper Metz followed appellant, he observed appellant drift over the white center line that divides the two eastbound lanes on U.S. 62. Trooper Metz immediately activated his vehicle lights and stopped appellant. At that time, Trooper Metz detected a "strong odor of an alcoholic beverage" upon appellant's breath. Trooper Metz administered certain field sobriety tests to appellant, which appellant failed. Appellant subsequently was arrested and taken to the Sebring Police Department, where appellant tested .177 percent B.A. on a B.A.C. verifier machine.

After his arrest, appellant filed a motion to suppress the test results on a number of grounds, including the allegation that Trooper Metz did not have a reasonable and articulable suspicion upon which he based the traffic stop. At the hearing on the motion to suppress, Trooper Metz testified that he initially turned around to follow appellant after clocking appellant at fifty-one miles per hour in a thirty-five mile per hour zone. Trooper Metz also gave the following testimony on cross-examination:

"Q * * * [I]t's true that you saw what you felt [was] a man exceeding the speed limit, you turn [sic ] around to follow him, you had no intention of stopping him for speeding; is that correct?

"A No.

"Q Okay, and you—

"A —(interposing)—no, it is not correct."

In addition to the foregoing, the B.M.V. form 2255, signed by Trooper Metz, reads as follows:

"I certify that I had reasonable grounds to stop or detain the following person and that, after investigation, I had probable cause to believe that the following person was operating a vehicle upon a highway or any public or private property used by the public for vehicular travel or parking within the state of Ohio under the influence of alcohol and/or drugs of abuse, or with a prohibited concentration of alcohol in the blood, breath or urine. Reasonable grounds were based on: [R.C.] 4511.33."

R.C. 4511.33 provides that a vehicle must, as far as practicable, be driven within a single lane and shall not be moved from such lane until the driver has ascertained that such movement can be safely made.

After the hearing on the motion to suppress, the trial court found that Trooper Metz observed appellant traveling at a high rate of speed, which was verified by moving radar, and that Trooper Metz observed appellant's vehicle traveling left of center. The trial court subsequently overruled the motion to suppress, concluding:

" * * * Having made those observations, the arresting officer did have a reasonable and articulable basis for making a traffic stop of Defendant [appellant]."

After he was found guilty, appellant filed the instant appeal.

■ Appellant sets forth one assignment of error:

"The trial court erred in overruling defendant's [appellant's] motion to suppress the BAC results[.]"

Appellant argues that Trooper Metz lacked a reasonable and articulable basis for making the stop. Appellant argues that he was not charged with speeding, and further argues that it is not clear that Trooper Metz would have pulled him over for speeding. Appellant notes that Trooper Metz did not, upon clocking appellant speeding, turn on his lights and pursue appellant. Instead, the trooper chose to follow appellant and did not turn on his lights to pull appellant over until he observed appellant drift over the center line. In addition, appellant notes that Trooper Metz stated on the B.M.V. Form 2255 that the grounds upon which he stopped appellant were based on a violation of R.C. 4511.33. Appellant argues that he did not violate R.C. 4511.33 as to give Trooper Metz a reasonable and articulable suspicion to stop appellant and that there were no valid grounds upon which the stop was made.

■ In reviewing a motion to suppress, an appellate court is to determine whether the court's findings are supported by competent, credible evidence. *Tallmadge v. McCoy* (1994), 96 Ohio App.3d 604, 608, 645 N.E.2d 802, 804–805, discretionary appeal not allowed in (1995), 71 Ohio St.3d 1445, 644 N.E.2d 407. With respect to an investigatory stop, an officer must have a reasonable, articulable suspicion that a person is or has been engaged in criminal activity before he is justified in making the stop. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *Delaware v. Prouse* (1979), 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660.

Based upon the facts as established below, it can easily be concluded that Trooper Metz, upon observing appellant speeding, had a reasonable and articulable basis for making a traffic stop of appellant. Even though Trooper Metz testified that he did not activate his emergency lights until he observed appellant drift over the white line that divides the two eastbound lanes on U.S. 62, Trooper

Metz testified on cross-examination and on direct that he did observe appellant speeding. We find that this testimony alone provides an adequate basis for the stop and distinguishes the instant case from the facts of *State v. Drogi* (1994), 96 Ohio App.3d 466, 645 N.E.2d 153, discretionary appeal not allowed in (1995), 71 Ohio St.3d 1444, 644 N.E.2d 407, in which this court found that where the evidence fails to show any erratic driving or other traffic violation, insubstantial weaving and drifts across the road's edgeline does not provide a reasonable and articulable basis upon which a stop may be made.

Based upon the foregoing, appellant's assignment of error is found to be without merit.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

JOSEPH E. O'NEILL, P.J., and COX, J., concur.