As I would affirm the trial court decision here, I must dissent from the majority opinion.
Where determining probable cause to stop a vehicle for a traffic violation, the issue will always turn on the credibility of the witnesses. In the instant case, Trooper Kelvington was the only witness to testify at the suppression hearing. Kelvington testified that he saw Appellant's automobile "weaving" and that the auto crossed the right edge line "several" times. While the trooper did not specifically state exactly how many times the line was crossed nor did he provide a measurement as to how far over the line Appellant's tires were, we can glean that the trooper observed what he believed to be erratic driving, particularly on a straight stretch of road. The trooper, presumably familiar with driving patterns and what does and does not constitute erratic behavior, testified that he had a reasonable suspicion of the commission of a traffic offense. He is not required to have a certainty an offense occurred; the standard is reasonable suspicion. Terry v. Ohio (1968),392 U.S. 1.
Thus, when attacking a judge's decision based on the testimony presented, we are necessarily attacking the credibility of this witness. We do not review credibility; our job on review is not to decide whether, if we were the factfinder, we would rule otherwise. Rather, we are to determine whether the decision of the court was supported by competent, credible evidence. State v.Winand (1996), 116 Ohio App.3d 286. As there is no showing that Kelvington was neither competent nor credible, I must affirm the trial court decision which relied on this testimony.
This is not to say that there is no recognition on the part of this writing judge that this decision leaves room for an officer with ulterior motives to find a mere excuse for an otherwise unjustified stop. No court-made rule of law can prevent such an occurrence. This fact appears to be recognized in Dayton v.Erickson (1996), 76 Ohio St.3d 3 and Whren v. United States
(1996), 116 S.Ct. 1769 where both Supreme Courts held that so long as an officer can provide some reasonable suspicion that an offense was committed the stop will be considered valid even when the officer's articulation of suspicion may be mere pretext in order to stop the vehicle.
Based on the unrebutted testimony of the trooper, who clearly stated that he had a reason to suspect Appellant was violating the traffic laws, I would dissent from the decision of the majority and affirm the trial court.
APPROVED:
 __________________________________ CHERYL L. WAITE, JUDGE