OPINION
Defendant-appellant, Ronald Smallwood appeals from the East Liverpool Municipal Court's judgment denying his motion to suppress breath samples. For the following reasons, the trial court's decision is affirmed.
 FACTUAL AND PROCEDURAL HISTORY
On March 26, 1999 at approximately 1:40 a.m., two East Liverpool Police Officers observed appellant improperly exit a parking lot by driving over the sidewalk and curb. Appellant made a left-hand turn onto the street. The officers immediately stopped appellant and requested that he step out of his vehicle. The officers noticed a strong odor of alcohol emanating from appellant's vehicle. They also observed that appellant had bloodshot eyes and slurred speech. The officers then conducted various field sobriety tests upon appellant. The field tests consisted of "the one-leg stand test; the walk and turn; and the finger to nose test." (Tr. 14). Based upon appellant's performance on such tests, he was placed under arrest and transported to the police station.
A BAC Datamaster test was administered by a certified officer. The test indicated that appellant's blood alcohol concentration was .197, which exceeds the legal limit. Plaintiff-appellee, State of Ohio, consequently charged appellant with driving under the influence of alcohol in violation of R.C.4511.19(A)(1) (3). He was also charged with driving on the sidewalk in violation of Local Traffic Ordinance 331.37.
On March 30, 1999, appellant appeared with counsel, pled not guilty to the aforementioned charges, posted bond and was released on his own recognizance. On April 15, 1999, appellant filed a motion to suppress the breath tests. He claimed that the officers lacked reasonable suspicion to stop him and had no probable cause to arrest him. He also claimed that the officers failed to substantially comply with established regulations in administering the breathalyser.
On May 12, 1999 the trial court held a hearing on appellant's motion. It determined that the officers had reasonable suspicion and probable cause. It further found that the officers substantially complied in the administration of all field sobriety and other scientific tests required under Ohio regulations. (5/12/99 J.E.).
On May 28, 1999, appellant filed a motion pursuant to Crim.R. 12(E) requesting that the trial court issue findings of fact and conclusions of law with respect to its denial of the motion to suppress. The trial court did not comply with appellant's request.
On June 9, 1999, appellant and appellee entered into a plea agreement whereby the charges of driving on the sidewalk and the charges under R.C. 4511.19(A)(1) were dismissed with prejudice. In exchange, appellant pled no-contest to the charges under R.C.4511.19(A)(3). The trial court accepted his plea, found appellant guilty and sentenced him accordingly. This appeal followed.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant sets forth three assignments of error on appeal. Appellant's first assignment of error alleges:
 "THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS AS THE OFFICER FAILED TO SUBSTANTIALLY COMPLY WITH THE DEPARTMENT OF HEALTH'S REGULATIONS REGARDING BREATH TESTING."
Appellant argues that the officers failed to substantially comply with the Ohio Department of Health's regulations. A subject must be observed for 20 minutes prior to the administration of the BAC Datamaster testing device to prevent oral ingestion of any material. Ohio Adm. Code 3701-53-02(B). Dr. Sutheimer, deputy director of the Ohio Department of Health's Drug and Alcohol Testing Program, testified at the hearing. He stated that the 20 minute observation period was necessary to avoid the possibility of contamination through "oral intake" which gives a falsely elevated breath-test result. He testified that "oral intake" occurs when an individual being tested puts something into his mouth, vomits or belches.
Appellant contends that the "oral intake" observation must consist of watching for contamination from not only an external source, but also those emanating from an internal source. Appellant argues that the officer was only concerned with watching for contamination from an external source and not one originating internally. Patrolman Rob Smith, one of the arresting officers, testified that he observed appellant for 20 minutes. During that period, he claimed to have watched for hand-to-mouth movements to make sure that appellant did not eat or drink anything. When asked whether he looked for anything else, he replied, "no." (Tr. 23). Appellant contends that he should receive the benefit of the doubt when the record is unclear as to whether the 20 minute observation period was undertaken properly. Therefore, appellant alleges that the officer's deviation from the Ohio Department of Health's regulations resulted in a failure to substantially comply with such regulation, and thereby justified the suppression of the BAC test results.
 STANDARD OF REVIEW
This court has held that appellate review of a ruling on a motion to suppress presents a mixed question of law and fact.State v. Brite (1997), 120 Ohio App.3d 517, 519. At a suppression hearing, the evaluation of evidence and the credibility of the witnesses are issues for the trier of fact.State v. Mills (1992), 62 Ohio St.3d 357, 366. We are bound to accept the factual determinations of the trial court so long as they are supported by competent, credible evidence. State v.Winand (1996), 116 Ohio App.3d 286, 288. This is the appropriate standard because "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of the witnesses." State v. Lloyd (1998), 126 Ohio App.3d 95,100. Once those facts are accepted as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court utilized the proper legal standard. State v. Williams (1993), 86 Ohio App.3d 37,41.
 APPLICABLE LAW
A subject must be observed for 20 minutes prior to the administration of the BAC Datamaster testing device to prevent oral ingestion of any material. See Ohio Adm. Code 3701-53-02(B). This court reaffirmed the strict observation requirement holding that arresting officers must observe the individual for the 20 minute period or risk having the test results ruled inadmissible.Lloyd, supra at 106-107.Substantial compliance, in accordance with Ohio Adm. Code 3701-53-02, will be satisfied upon showing that: 1) the subject was observed for 20 minutes or more, and 2) that at least one of the observing officers carries the proper certification before conducting a breathalyzer. Bolivar v. Dick
(1996), 76 Ohio St.3d 216, 218. Furthermore, the Ohio Supreme Court determined that the question of the admissibility regarding breathalyzer test results will not turn a defendant's hypothetical assertions. State v. Steele (1977), 52 Ohio St.2d 187, 191-192. "The mere assertion that ingestion was hypothetically possible ought not to vitiate the observation period foundational fact so as to render the breathalyser test results inadmissible." Id. at 192. The possible occurrence of either ingestion or regurgitation within the 20 minute period will not render the test results inadmissible, unless evidence substantiates that such actions actually occurred. Id. at 191.
 ANALYSIS
The record illustrates that the officer who observed appellant for the requisite 20 minute period acted properly and in substantial compliance with Ohio Adm. Code 3701-53-02. Bolivar,supra. The officer possessed the proper certification and had observed appellant for the full 20 minutes to ensure that he did not put anything into his mouth. He was no more than one and one-half feet away from appellant at any time during that period.
Appellant argues that the officer's own testimony proves that he only observed appellant for "oral intake" from an external source. Appellant claims that the officer did not make a conscious effort to watch for any regurgitation or belching during such time. However, appellant's argument is unpersuasive. Appellant has failed to provide any evidence or testimony demonstrating that he, in fact, belched or regurgitated during the 20 minute time period. Appellant's mere allegations that such an occurrence was hypothetically possible because the officer was not specifically looking for regurgitation or belching does not render the BAC test results inadmissible. Steele, supra at 192. Therefore, appellant's first assignment of error is found to be without merit.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED BY USING THE WRONG STANDARD IN DETERMINING THE DEFENDANT'S MOTION TO SUPPRESS."
Appellant avers that the trial court incorrectly applied the legal standards by shifting the burden of proof from appellee to appellant. The trial court's denial of appellant's motion stated that the "evidence failed to demonstrate any lack of reasonable suspicion, any lack of probable cause, [or] any improper administration of field sobriety or other scientific tests." (5/12/99 J.E.). Appellant believes that the trial court's use of the phrase "evidence failed to demonstrate lack of * * *" as opposed to "such evidence existed to demonstrate * * *" amounts to an application of an improper legal standard. Appellant assumes that the use of such language illustrates the trial court's incompetence with regard to burden of proof, and inappropriately places such a burden upon him. However, appellant's argument rests not upon a misapplication of law, but on an argument concerning semantics.
Conversely, the record reflects that the trial court correctly applied the appropriate legal standards to the facts in the present case. It is the duty of this court to determine the proper legal standards applicable to the case sub judice
independently and without deference to the trial court's holding.State v. Rice (1998), 129 Ohio App.3d 91, 94. Generally courts look to the totality of the circumstances in reviewing cases of driving under the influence. See Lloyd, supra at 103.
 LAW AND ANALYSIS
First, the record must demonstrate that the officer had reasonable suspicion to stop the vehicle. Id. at 102. Reasonable suspicion must be based on specific and articulable facts that a traffic law is being violated or that criminal activity is occurring. Id. Additionally, this court concluded that an officer, prior to stopping a vehicle, must observe the driver to have committed more than just a de minimis marked-lane violation; the officer must also witness erratic driving to substantiate the alleged impairment. Id. Moreover, this court has said that, "an appellate court must give due deference to the police officer's training and experience" in such situations. Id.
In the present case, the record demonstrates that, at the moment of the arrest, the officers had reasonable suspicion to stop appellant. They stopped appellant at approximately 1:40 a.m. for improperly exiting a parking lot by driving over a curbed sidewalk.
Secondly, the evidence must illustrate that probable cause existed to arrest the driver. Id. at 104. The officers must have had knowledge sufficient to cause a prudent person to believe that appellant was driving while under the influence of alcohol. Id. at 105.
The officers had probable cause to arrest appellant. They observed appellant to be glassy eyed, slurring his words, and a strong odor of alcohol was present. The officers then asked appellant to perform a series of field sobriety tests which he failed. At this point, the officers placed appellant under arrest for driving while under the influence of alcohol and transported him to the police station.
Finally, the record must reflect that the officers acted in substantial compliance with the Ohio Department of Health's regulations. State v. Gregory (Sept. 23, 1999), Columbiana App. No. 96 CO 89, unreported. As noted in our resolution of appellant's first assignment of error, the officers met this standard. Therefore, the record demonstrates that the trial court did not misapply the necessary legal standards. As such, appellant's second assignment of error is found to be without merit.
 ASSIGNMENT OF ERROR NUMBER THREE
Appellant's third assignment of error alleges:
 "THE TRIAL COURT ERRED IN NOT ISSUING FINDINGS OF FACTS AND CONCLUSIONS OF LAW WHEN ISSUING ITS DECISION ON THE DEFENDANT'S MOTION TO SUPPRESS."
According to appellant, the trial court's decision regarding the motion to suppress was insufficient for it lacked the appropriate findings of fact. Appellant formally requested that the trial court supplement the record with such a finding in accordance with Crim.R. 12(E). However, the trial court failed to respond to his request. Appellant argues that the trial court's failure to state any findings of fact within the record precludes an appropriate review by this court and, thus, amounts to reversible error.
 LAW AND ANALYSIS
The Ohio Supreme Court recognizes that the trial court is obligated to state its essential factual findings for the record, and failure of that duty is error. State v. Brewer (1990), 48 Ohio St.3d 50,60. However, such error does not in and of itself mandate reversal as said error is only relevant upon a showing of prejudice by the defendant. Id. Appellate courts may undertake a full review of a trial court's decision regarding a motion to suppress, even without the proper "essential factual findings" being a part of the record. Id. The court in Brewer, supra, permitted a full review of the issues regarding the motion to suppress even though the trial court failed to properly place its "essential factual findings" within the record. Id. The court found that absent a showing of prejudice towards the defendant, and armed with a complete record, a full review of the suppression issues was proper. Id. This holding was reiterated by the Ohio Supreme Court in State v. Waddy (1992), 63 Ohio St.3d 424. The court in Waddy, supra, acknowledged that the trial court erred by refusing to state its factual findings for the record. Nonetheless, it permitted review of a trial court's holding as the record allowed a complete evaluation of the issues contained in the motion to suppress. Id. at 443.
The record in the case at bar contains the full and complete transcript of the suppression hearing. Therefore, this court is able to fully review the issues contained in appellant's motion.Brewer and Waddy, supra. The record provides a factual basis to support the trial court's decision. Therefore, appellant's third assignment of error is found to be without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 ______________________ VUKOVICH, J.
Cox, P.J., concurs.
Waite, J., concurs.