JOURNAL ENTRY AND OPINION
This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1. The State of Ohio appeals from a judgment entered by the Cuyahoga County Court of Common Pleas granting Clayton Manley's motion to suppress. On appeal, the State assigns the following as error for our review:
 THE TRIAL COURT ERRED IN FINDING THAT THE WEAPON RETRIEVED FROM THE VEHICLE THAT WAS ABANDONED BY THE APPELLANT WAS OBTAINED IN AN UNLAWFUL SEIZURE. (SIC) THE TRIAL COURT ERRED IN FINDING THAT THE WEAPON RETRIEVED AND WAS INADMISSIBLE AS FRUIT OF THE POISONOUS TREE.
Having reviewed the arguments of the parties and the pertinent law, we conclude the trial court properly granted the motion to suppress; therefore, we affirm its judgment. The apposite facts follow.
Bedford Police Officer Christopher Nietert testified that on March 5, 2001 during his routine patrol at approximately 1:19 in the morning, he noticed an open bay door at Tim Lally Chevrolet on Rockside Road in Bedford, Ohio. Nietert, along with several other officers, investigated the premises but did not find any evidence of a forced entry or property damage. Upon further investigation, he observed the alarm system had not been activated. Nietert notified the owner via telephone and instructed him to contact the police department if he discovered anything missing or damaged. Nietert left the premises at 1:50 a.m. As he turned on to Rockside Road, Nietert observed Manley operating a 1992 Pontiac Bonneville S.E. with a dealer plate. He testified he could not verify the listed owner of the vehicle because the computers were not working. On cross-examination, Nietert admitted he attempted to stop the vehicle because of the incident at Tim Lally Chevrolet and because at 1:50 in the morning, I know that there is no dealership open in the city of Bedford in which somebody would be legally out test driving a vehicle.
Nietert activated his overhead lights and siren and initiated a traffic stop of the vehicle in an apartment parking lot. Manley exited his vehicle and fled the scene; Nietert gave chase but stopped when he heard Manley's car crash into the police cruiser. Manley did not return to retrieve his vehicle; however, the record is unclear as to how long the police waited for him before having the vehicle towed. A search of the vehicle produced Manley's driver's license, a purchase agreement between Manley and Buyer's Choice, and a .22 caliber handgun wrapped in a towel under the front seat. The officers also determined the 30-day dealer tag was issued by Buyer's Choice to Manley.
On April 3, 2001, Manley was indicted for carrying a concealed weapon and having a weapon while under disability. He filed a motion to suppress the .22 caliber handgun. The trial court conducted a hearing and granted the motion, stating:
* * *
 * * * dealer plates on a vehicle being driven by a person at 1:50 a.m. past the location of a possible burglary that never took place with nothing on the plates to indicate any connection with the dealership being investigated may give rise to a hunch, but not to a reasonable, articulable suspicion based upon articulable facts that the defendant was engaged in or had been engaged in criminal activity pursuant to Terry v. Ohio.
Regarding Manley's claim the court erred in denying his motion to suppress, we begin our analysis with the appropriate standard of review. The court in State v. Lloyd[1] stated:
 [O]ur standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. See State v. Winand (1996), 116 Ohio App.3d 286 citing Tallmadge v. McCoy (1994), 96 Ohio App.3d 604. * * * [T]his is the appropriate standard because in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses. State v. Hopfer (1996), 112 Ohio App.3d 521. However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard.
In Terry v. Ohio,[2] the Court held that a police officer may stop and investigate unusual behavior, even without probable cause to arrest, when he reasonably concludes that the individual is engaged in criminal activity. In justifying a Terry-type intrusion, however, the police officer may not rely upon a mere hunch or an unparticularized suspicion.[3] The police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.[4]
The issue in this case is whether the initial stop of Manley's vehicle constituted an illegal intrusion thereby poisoning the fruits of the subsequent search. The trial court held the initial stop unreasonable under Terry and suppressed the weapon found in the vehicle. We agree with the trial court.
The state must establish that the initial stop constituted a reasonable intrusion under Terry, since the officer acted without a warrant or stated probable cause for the subsequent search. Nietert stated he stopped Manley's vehicle because it displayed a dealership license plate. Manley was not engaged in any suspicious or criminal behavior at the time of the stop.
The officer also stated he stopped the vehicle because of his belief that a connection might exist between the open bay door at Tim Lally Chevrolet and the dealership license plate on Manley's vehicle. The trial court found this factual basis wanting. We agree and furthermore conclude that this explanation does not legally rise to the level of Terry's reasonable articulable suspicion standard. The officer acknowledged that no evidence of a trespass or theft appeared to exist at Tim Lally's; no evidence existed to connect Manley to any perceived criminal activity at Tim Lally's.
The Fourth Amendment remains viable even in today's society; consequently, the citizenry is protected from unreasonable police activity. It is the integrity of the Fourth Amendment that the judiciary seeks to uphold not the actions of a lawless person.
During oral argument, the state argued California v. Hodari D.[5]
controls this case. Specifically, the state argues Manley's flight from the police indicates that he was not seized; because he abandoned his vehicle and the police had to have it towed, the warrantless search was legal. However, the facts in Hodari D. are distinguishable from the instant case. In Hodari D., a plain-clothes officer pursued a pedestrian on foot; the instant case concerns a stop of a motor vehicle. Because an automobile stop is a seizure of a person, the stop must comply with the Fourth Amendment.[6] An automobile stop must be justified by probable cause or a reasonable suspicion and based upon specific and articulable facts of unlawful conduct.[7]
Additionally, in Hodari D., the officer first observed the defendant discard and abandon contraband, and then the officer gave chase; here, the officer stopped Manley's vehicle despite the fact that he saw no signs of criminal activity. Consequently, Hodari D. does not control the outcome of this case and the police could not legally search the vehicle.
Therefore, we accept the fact finder's conclusion as to the facts of this case, and in our independent legal determination we conclude the officer's stop of Manley's vehicle was legally unreasonable and poisoned the subsequent search of the vehicle. The state's assigned error is overruled, and we affirm the trial court's judgment.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and JAMES D. SWEENEY, J., CONCUR.
[1] (1998), 126 Ohio App.3d 95, 709 N.E.2d 913.
[2] (1968), 392 U.S. 1, 88 S.Ct. 1868.
[3] State v. Ford (1989), 64 Ohio App.3d 105, 580 N.E.2d 827, quoting State v. Price, 1987 Ohio App. LEXIS 748 (June 10, 1987), Montgomery App. No. 9760.
[4] Terry, supra, at 21, 88 S.Ct. at 1880.
[5] (1991), 499 U.S. 621, 111 S.Ct. 1547.
[6] United States v. Garcia (2000), 205 F.3d 1182, 1186.
[7] Id.