This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Carleton Prince, appellant, appeals from the decision of the Summit County Court of Common Pleas, denying his motion to suppress evidence. We reverse and remand.
{¶ 2} Mr. Prince was indicted on February 1, 2002 for possession of cocaine, in violation of R.C. 2925.11(A), and possession of marijuana, in violation of R.C. 2925.11(A). Mr. Prince filed a motion to suppress the evidence seized by police pursuant to the search of his person.
{¶ 3} A suppression hearing was held on March 7, 2002. The trial court denied the motion to suppress, holding that the police officers were justified in conducting a protective search of Mr. Prince. Thereafter, Mr. Prince pled no contest and the trial court found him guilty of the charges. He was sentenced accordingly. This appeal followed.
{¶ 4} Mr. Prince raises one assignment of error:
{¶ 5} "THE COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION TO SUPPRESS THE EVIDENCE BECAUSE THERE WAS NO ARTICULABLE SUSPICION GIVING RISE TO PROBABLE CAUSE TO THUS ENABLE THE POLICE OFFICER TO SEARCH THE DEFENDANT AND HENCE THE SEARCH WAS A VIOLATION OF DEFENDANT'S CONSTITUTIONAL RIGHT GUARANTEED BY THE FOURTH AMENDMENT."
{¶ 6} In his assignment of error, Mr. Prince asserts that the trial court erred in denying his motion to suppress. We agree.
{¶ 7} An appellate court's standard of review with respect to a motion to suppress is de novo. State v. Nichols, 9th Dist. No. 01CA0037,2002-Ohio-1993, at ¶ 4. The reviewing court need only determine whether the trial court's findings are supported by competent, credible evidence. State v. Winard (1996), 116 Ohio App.3d 286, 288, citingTallmadge v. McCoy (1994), 96 Ohio App.3d 604, 608. "In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer (1996),112 Ohio App.3d 521, 548, citing State v. Venham (1994),96 Ohio App.3d 649, 653.
{¶ 8} Searches and seizures conducted without a warrant based on probable cause are per se unreasonable, subject to several specifically established exceptions. Schneckloth v. Bustamonte (1973), 412 U.S. 218,219, 36 L.Ed.2d 854. One of the specific exceptions to the requirement of a warrant and probable cause is a stop and frisk or pat-down search pursuant to Terry v. Ohio (1968), 392 U.S. 1, 20 L.Ed.2d 889 and its progeny. See State v. Jefferson (Mar. 21, 2001), 9th Dist. No. 20156. InTerry the United States Supreme Court held that a police officer may pat-down an individual for weapons in a situation where a reasonably prudent person would be warranted in believing that a police officer's or others' safety is in jeopardy. Id. This exception allows police officers to detain an individual if an officer has a reasonable suspicion, based upon specific and articulable facts, that criminal behavior has or is about to occur. State v. Gaston (1996), 110 Ohio App.3d 835, 839. "The propriety of an investigative stop must be viewed by reviewing the totality of the circumstances." Id.
{¶ 9} In the present case, on January 23, 2002, a police officer responded to a dispatch regarding a possible suspect with two warrants who may have been involved in a shooting. The officer went to the address indicated in the dispatch and saw three individuals sitting on the front porch. He did not have a name for the suspect nor did he have a physical description. One of the individuals went inside the house but came right back to the porch. Another individual made a motion as if he were sitting up or putting something under his leg. The officer pointed his gun at the ground and told the individuals not to move while he waited for backup.
{¶ 10} When another officer arrived, the officers conducted a pat-down search of the individuals. The officers testified that they were concerned for their safety because the area was a known drug area and, also, the suspect had been possibly involved in a shooting and could have had a gun on his person. In the suppression hearing, the officer who had conducted the search of Mr. Prince testified that Mr. Prince was wearing oversized clothing that made it difficult to feel through. With regard to Mr. Prince's sweatshirt, the officer testified that he needed to straighten it out to feel through it because the baggy material folded over upon itself. The officer stated that he straightened out the sweatshirt, whereupon he "went inside [the sweatshirt pocket] and that's when [he] found it." When the officer was asked more extensively about his pat-down of Mr. Prince, he again acknowledged that he reached into the pocket of the sweatshirt. Specifically, the officer discovered cocaine and marijuana in Mr. Prince's sweatshirt pocket.
{¶ 11} In his motion to suppress, Mr. Prince asserted, inter alia, that the police officer improperly found the contraband on his person while conducting a Terry pat-down search. Assuming that the pat-down of Mr. Prince was justified based on the totality of the circumstances, we nonetheless sustain Mr. Prince's assignment of error because we find that the pat-down exceeded the scope of a reasonable pat-down.
{¶ 12} The record clearly reveals that the police officer who conducted the pat-down of Mr. Prince reached into the sweatshirt pocket without attempting to pat-down the pocket area. In State v. Sargent
(Nov. 20, 1998), 2nd Dist. No. 17324, the appellate court reviewed a trial court's determination that a police officer exceeded the scope of a permissible search for weapons when the officer reached into a defendant's pocket to determine the cause of a bulge. The court affirmed the trial court's conclusion that an officer's actions exceeded the scope of a permissible Terry search when the officer reached into the defendant's pocket to determine whether there was a weapon, rather than attempting to conduct a proper pat-down search. Id. Similarly, in State v. Kratzer
(1972), 33 Ohio App.2d 167, the court found that a search was not a validTerry search because, rather than patting a defendant down, an officer reached directly into the defendant's pocket. In light of the foregoing evidence introduced at the suppression hearing, we find that the pat-down exceeded the permissible scope of a Terry search.
{¶ 13} Mr. Prince's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this decision.
SLABY, P.J. and WHITMORE, J. CONCUR.