JOURNAL ENTRY AND OPINION
{¶ 1} The State of Ohio appeals from the decision of the common pleas court, which granted Leedell Middlebrooks' motion to suppress evidence seized pursuant to a vehicle search. After a thorough review of the arguments presented and for reasons set forth below, we affirm the findings of the trial court.
 {¶ 2} On June 25, 2004, Leedell Middlebrooks was indicted on one count of trafficking drugs, in violation of R.C. 2925.03; one count of drug possession, in violation of R.C. 2925.11; and one count of possession of criminal tools, in violation of R.C. 2923.24. These charges arose from the events of May 11, 2004. On that evening, Cleveland Police Detective Darryl Johnson met with a confidential police informant. Detective Johnson testified that the confidential informant gave him the phone number of a man known as "Leedell," who was known to deliver drugs throughout the Cleveland area. Detective Johnson asked the informant to call Leedell and arrange a drug transaction. Detective Johnson dialed the number provided to him by the informant, and the informant arranged a drug transaction that was to take place at East 131st Street and Meltzer Avenue. Detective Johnson and the informant then drove an undercover vehicle to the transaction location. Once Detective Johnson and the informant arrived at the target location, the informant placed another call advising the person on the other end of the line that he had arrived at the location. Several minutes after the telephone call, a white Buick appeared and parked along the curb at East 131st and Meltzer. Middlebrooks exited the vehicle and walked into a bar, also located on East 131st Street. While Middlebrooks was inside the bar, Detective Johnson notified the vice unit team, calling them to the location to perform a "takedown" operation.
 {¶ 3} Later in the evening, Middlebrooks exited the bar alone and began to walk towards his car. Once he entered his car, two vice unit officers approached him and asked him to exit the car. He was then patted down. His social security number was run through the police information system where it was discovered that his driver's license was under suspension. The officers placed him under arrest for driving under suspension and conducted an inventory search of his car. As a result of the inventory search, the officers found one rock of crack cocaine under the driver's seat; they also discovered the cellular phone that had been used in the phone calls with the informant and a large amount of money.
 {¶ 4} On July 20, 2004, Middlebrooks filed a motion to suppress all of the evidence seized during the vehicle search. On January 26, 2004, a suppression hearing was held, and the trial court granted the motion. The state appeals this ruling, asserting one assignment of error for our review:
 {¶ 5} "I. AS A MATTER OF LAW, THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION TO SUPPRESS."
 {¶ 6} Our standard of review with respect to a motion to suppress is whether the trial court's findings are supported by competent, credible evidence. State v. Winand (1996), 116 Ohio App.3d 286, 688 N.E.2d 9, citing Talmage v. McCoy (1994), 96 Ohio App.3d 604, 645 N.E.2d 802. This is the appropriate standard because "in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer (1996), 112 Ohio App.3d 521,679 N.E.2d 321. However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard.
 {¶ 7} Here the appellant argues that when evaluating the totality of the circumstances, reasonable suspicion existed to conduct an investigatory stop of the appellee. Terry v. Ohio, (1967), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889, established the necessary criteria to conduct an investigatory stop. Terry mandates that police must have a reasonable suspicion that criminal activity is afoot before a stop and search may be conducted. The state asserts that the informant's tip, coupled with the phone calls and the appellee's actions the evening of the incident, when considered in their totality, create reasonable suspicion. The appellant cites State v. Freeman, (Nov. 22, 1995), Cuyahoga App. No. 68320, an Eighth District case, as precedent supporting its position that reasonable suspicion existed in the case at bar. InFreeman, a confidential informant provided information to police officers concerning a drug dealer from whom the informant had previously purchased drugs. This court used the totality of the circumstances analysis when deciding whether the evidence found should be suppressed and determined it should not on the basis that the police had reasonable suspicion to conduct a search.
 {¶ 8} Although Freeman concerns the same subject matter at issue in the instant case, it does not lend necessary support. In Freeman, this court conducted a totality of the circumstances analysis on the basis that the informant's tip was sufficiently detailed to give the police reasonable suspicion to conduct a search. The informant in Freeman
provided the police with the defendant's identity, the specific method the defendant employed to sell drugs, and the defendant's car make and license plate number. A second informant corroborated the information given to police by the first informant. The police in Freeman also conducted independent research to further corroborate the accounts given by the informants. Most importantly, the court held that when considering the totality of the circumstances, the fact "that the first informant stated he had himself bought drugs from the defendant and, therefore, had personal knowledge that the defendant had committed the crime of selling drugs" gave the police reasonable suspicion to conduct an investigatory stop.
 {¶ 9} In the instant case, the confidential informant provided the police with a tip that the appellee was "known" as someone who sold drugs in the area, he gave police the appellee's cell phone number and described the appellee's vehicle as a white Buick. At no time did the informant provide the police with detailed information such as the appellee's physical description, license plate number, or selling methods; in addition, no other individual corroborated the informant's information. In the case at bar, the police conducted no independent research, placing their full reliance upon the confidential informant's statements. Most importantly, the informant did not tell police that he had actually purchased drugs from the appellee or witnessed the appellee sell drugs to others; rather, the informant merely stated that the appellee was "known to deliver drugs throughout certain areas of Cleveland."
 {¶ 10} The United States Supreme Court's holding in Florida v. J.L.
(2002), 529 U.S. 266, 520 S.Ct. 1375, 146 L.Ed.2d 254, provides additional support. The case involved a tip given by an anonymous informant which told police that a man at a specific location was carrying a gun. The Court held:
 {¶ 11} "The anonymous call concerning J.L. provided no predictive information and therefore left the police without means to test the informant's knowledge or credibility. That the allegation about the gun turned out to be correct does not suggest that the officers, prior to the frisks, had a reasonable basis for suspecting J.L. of engaging in unlawful conduct. The reasonableness of official suspicion must be measured by what the officers knew before they conducted their search. All the police had to go on in this case was the bare report of an unknown, unaccountable informant who neither explained how he knew about the gun, nor supplied any basis for believing he had inside information about J.L." Florida v. J.L., supra.
 {¶ 12} Although Florida v. J.L. involves an anonymous informant, rather than a confidential informant, as in the instant case, the premise behind the two cases is essentially the same. In Florida v. J.L., the anonymous informant provided police with the defendant's physical description, clothing style, location and told police that the defendant was carrying a gun. When police arrived, they observed a man fitting the description; however, he was merely standing at a bus stop with two other men. On the basis of the information provided by the informant, the police conducted a search, which resulted in their finding a gun on the defendant's person. Although the police found a gun in the defendant's possession, the Supreme Court held that the information received from the informant was insufficient to conduct a search, thus, the police officers did not have the requisite reasonable suspicion.
 {¶ 13} In the case at bar, the confidential informant provided police with Middlebrooks' first name, car make, and told police he was known to sell drugs throughout the Cleveland area. As in Florida v. J.L., the informant in the instant case did not provide the police with sufficient information to constitute probable cause. When the police arrived at the target location, they observed Middlebrooks park his vehicle, walk into a bar and later walk out. It is not enough that the police later discovered that Middlebrooks was in possession of drugs. In order to conduct a proper search, police must have a reasonable articulable suspicion that criminal activity is afoot prior to a search, and in this case, on the basis of the informant's statements and Middlebrooks' actions, it is clear that they did not.
 {¶ 14} Although the appellant asserts that in considering the totality of the circumstances, reasonable suspicion existed to conduct a search of the appellee, this court cannot agree. At no time during the evening of May 11, 2004, did officers witness the appellee sell narcotics or approach the confidential informant with the purpose of selling narcotics. Detective Johnson testified in court that he was unaware of the identity of the individual the informant spoke with over the telephone and simply relied upon the confidential informant's statements with respect to what was said on the other end of the conversation. Detective Johnson also testified that his suspicions were aroused because the appellee appeared as though he was looking for the informant and because the appellee looked familiar to him; however, this is hardly adequate evidence to support a finding of reasonable suspicion. On the evening of the incident, Detective Johnson witnessed the appellee park his car on East 131st Street, enter a bar and then enter his vehicle. No drugs exchanged hands. In addition, the police officers present during the incident were only able to conduct a vehicle inventory search after they discovered that the appellee was driving under suspension. It is clear that the police officers did not have adequate reasonable suspicion on the basis of the informant's tip and the appellee's actions alone. At the close of the suppression hearing, the trial court stated:
 {¶ 15} "There is truly not a lawful basis for even Mr. Middlebrooks detention under these circumstances. Police jumped the gun in this case. It's a classic case where the evidence should be suppressed. And under the circumstances, I have no other choice but to grant the defendant's motion to suppress all items seized, subject to the defendant's unlawful arrest in this matter."
 {¶ 16} We find that the trial court did not err in granting the appellee's motion to suppress and complied with the applicable legal standard. The trial court's findings were supported by competent and credible evidence that reasonable suspicion did not exist to conduct a search of the appellee and subsequently the appellee's vehicle. The appellant's assignment of error is hereby overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and McMonagle, J., Concur.