ANITA LASTER MAYS, J., DISSENTING:
{¶ 21} I respectfully dissent from the majority's opinion reversing the trial court's granting of T.W.'s motion to suppress a "cold-stand" identification and remanding for further proceedings. I conclude that the facts do not support the applicable legal standard.
{¶ 22} The victim and another individual planned to purchase marijuana. The alleged seller was an acquaintance of the victim's friend. The acquaintance drove to a location in the Collinwood neighborhood of Cleveland and parked in a driveway to wait for the drug transaction to occur. While they were sitting in the driveway, two individuals approached the car and demanded their property. The victim stated that there was an assailant on each side of the vehicle. The victim stated that the assailant on his side of the vehicle opened his door, took his money and wallet, and demanded his phone. A struggled ensued over the phone and the assailant struck the victim in the face, ultimately leaving without the phone. However, the victim testified that he was able to see the assailant's face and to describe his clothing and approximate age.
{¶ 23} The Cleveland police were called. The victim and his acquaintance lied regarding their reason for being in the neighborhood. An officer testified that the area was not well lit. The victim relayed the description of his assailant to the police. Officers searched the area and located two teenagers fitting the description in front of a home with several other people. The home was in the direction of the fleeing assailants. After backup arrived, the two teenagers were detained. The victim was then brought to the area where the teenagers were detained.
{¶ 24} The victim identified T.W. as the assailant, with hesitation, but was unable *1246 to identify the other teen. The body camera footage dialogue was a follows:
Officer: "[Victim] is this the guy?"
Victim: "I'm pretty sure un I don't, [sigh] I don't want to-?"
Officer: (Interrupting) "Hey-?"
Victim: "It's the grey hoodie and poofy hair that sticks out with me. I don't [sigh]-I hate to-"
Officer: (Interrupting) "Hey, look-"
Victim: "It's-if I would have to say, for, yeah-the gray hoodie and the hair was sticking out in front."
T.W. was arrested based on this identification. At the suppression hearing, the victim now admitted that he was in the area to purchase marijuana and that now he was 95 percent certain that T.W. was the teenager that attacked him.
{¶ 25} When considering a trial court's grant or denial of a motion to suppress, this court's standard of review is divided into two parts. In State v. Lloyd , 126 Ohio App.3d 95, 709 N.E.2d 913 (7th Dist.1998), the court stated, "our standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence." State v. Winand , 116 Ohio App.3d 286, 688 N.E.2d 9 (7th Dist.1996), citing Tallmadge v. McCoy , 96 Ohio App.3d 604, 645 N.E.2d 802 (9th Dist.1994). This is the appropriate standard because " '[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.' " State v. Hopfer , 112 Ohio App.3d 521, 679 N.E.2d 321 (2d Dist.1996), quoting State v. Venham , 96 Ohio App.3d 649, 645 N.E.2d 831 (4th Dist.1994). "However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard." State v. Parker , 8th Dist. Cuyahoga No. 93835, 2011-Ohio-1059, 2011 WL 826253, ¶ 31.
{¶ 26} Courts employ a two-step process when determining the admissibility of identification testimony arising from relying on cold stands. The first step focuses only upon whether the identification procedure was impermissibly suggestive. See, e.g., State v. Gross , 97 Ohio St.3d 121, 2002-Ohio-5524, 776 N.E.2d 1061 ; State v. Broom , 40 Ohio St.3d 277, 533 N.E.2d 682 (1988) ; State v. Jackson , 8th Dist. Cuyahoga No. 91613, 2009-Ohio-2388, 2009 WL 1424090, ¶ 24.
{¶ 27} The second part of the inquiry then focuses upon five factors necessary to assess the reliability of the identification, despite the taint of the show-up. Id. at ¶25. This court has previously explained the conditions necessary for a proper "cold stand."
A cold stand or one-on-one show-up identification is permissible as long as the trial court considers the following factors: "(1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness; and (5) the length of time between the crime and the confrontation."
State v. Patton , 8th Dist. Cuyahoga No. 88119, 2007-Ohio-990, 2007 WL 701140, ¶ 17, quoting State v. Thompson , 8th Dist. Cuyahoga No. 79938, 2002-Ohio-2390, 2002 WL 999312. State v. Cole , 8th Dist. Cuyahoga No. 93192, 2010-Ohio-5114, 2010 WL 4132227, ¶ 22.
{¶ 28} After a review of the record, it appears that the state is not challenging the law that has been used regarding the second part of the inquiry, but the applicability of the facts to the law. I would find that the trial court's findings regarding the *1247 victim's hesitation of identification was supported by competent, credible evidence and the weight given was sufficient to grant the motion to suppress.
{¶ 29} I would submit that the record supports that the victim did not have an opportunity to sufficiently view T.W. The record reflects that the assailant opened the door and immediately began to rob and then attack the victim. The victim was hit several times with the gun. The record supports that in the little time the assailant attacked the victim, he was only able to see that the assailant was young with poofy hair and a grey hoodie. The attack was quick and in an area not well lit. This description was too vague.
{¶ 30} The victim's level of certainty was a mere guess. It is true that the record reflects that the victim saw a grey hoodie and poofy hair, but I am not convinced that the victim actually saw the assailant's face. This is evident by the victim's statement that "the grey hoodie and poofy hair sticks out to me" and "if I would have to say, for, yeah-the grey hoodie and hair was sticking out front." The victim's hesitation and uncertainty in his voice leads me to believe that his level of certainty was well below what he testified to in court. Additionally, the officer's interruptions, as if he was rushing the victim, pressured the victim to make an identification.
{¶ 31} For these reasons, I would affirm the trial court's findings suppressing the unreliable identification of T.W.