OPINION
{¶ 1} Defendant-appellant Jacqueline Myers Sims appeals the decision of the East Liverpool Municipal Court denying her motion to suppress. Appellant made a statement to law enforcement personnel, however, prior to making that statement she was not Mirandized. Appellant's motion to suppress argued that she was "in custody" at the time she gave a statement and, thus, the failure to Mirandize her requires suppression of the statement. The issue presented to this court is whether appellant was "in custody" at the time she spoke to the patrolman. For the following reasons, the judgment of the trial court is hereby affirmed.
 STATEMENT OF FACTS {¶ 2} On December 23, 2002, appellant backed her vehicle into a parked gold Grand Prix at the Giant Eagle in Calcutta, Ohio. Appellant immediately left the scene of the accident; however, a witness viewed the accident. This witness provided the owner of the Grand Prix with the license plate number and make of appellant's vehicle and also stated that the driver was a female.
 {¶ 3} Patrolman Brian McKenzie of the St. Clair Township Police Department was called to investigate this traffic crash. He used the license plate number of the vehicle to determine that appellant was the owner of the vehicle that caused the accident. He then went to appellant's home to question her; however, she was not there. He left instructions with an unidentified female at the residence to have appellant call him because he needed to speak with her about a crash that recently occurred at the Giant Eagle in Calcutta. (Tr. 7). Shortly thereafter, appellant called Patrolman McKenzie and voluntarily agreed to come to the station and talk with him. (Tr. 8).
 {¶ 4} Upon arriving at the station, Patrolman McKenzie informed appellant he was investigating the crash that occurred at Giant Eagle. Appellant then informed him that she was driving the vehicle that caused the crash. Appellant agreed to give a crash statement and answer a few follow-up questions. (Tr. 10-11). After the statement and questions were finished, appellant freely left the station. Appellant was not Mirandized prior to the statement.
 {¶ 5} The above investigation resulted in the discovery that appellant did not have a valid driver's license. Subsequently, as a result of the statement admitting she was driving the vehicle, appellant was charged with driving under suspension, a violation of R.C. 4507.02(C), a first-degree misdemeanor. Appellant filed a motion to suppress based upon the patrolman's failure to read her the Miranda warnings prior to her giving a statement. After the hearing, the trial court denied the motion to suppress stating appellant was not in custody at the time of the statement, thus Miranda was not required. (Tr. 33).
 {¶ 6} Appellant entered a no contest plea; the trial court found her guilty and sentenced her to 180 days with 105 suspended, two years of probation and fined her $200 plus court costs. Appellant timely appealed raising one assignment of error.
 ASSIGNMENT OF ERROR {¶ 7} "The trial court erred in finding that the defendant was not in custody and subsequently denying defendant's motion to suppress thus admitting the self-incriminating statements, which were given to the police by the defendant."
 {¶ 8} Our standard of review with respect to a motion to suppress is limited to determining whether the trial court's findings are supported by competent, credible evidence. State v.Winand (1996), 116 Ohio App.3d 286, 288, citing Tallmadge v.McCoy (1994), 96 Ohio App.3d 604, 608. Such a standard of review is appropriate because "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of the trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer (1996),112 Ohio App.3d 521, 548, quoting State v. Venham (1994),96 Ohio App.3d 649, 653. However, once we have accepted those facts as true, we must independently determine as a mater of law whether the trial court met the applicable legal standard. Statev. Williams (1993), 86 Ohio App.3d 37, 41.
 {¶ 9} It is well settled that Miranda warnings must be given only when the individual being questioned is in custody; in other words, only when the questioning is part of a "custodial interrogation." California v. Beheler (1983), 463 U.S. 1121,1124. "A person will be viewed as being in custody when a formal arrest has occurred or when a restraint on one's freedom of movement has occurred to the degree associated with arrest."State v. Kuhn, 7th Dist. No. 02BA7, 2003-Ohio-4007, at ¶ 25, citing Oregon v. Mathiason (1977), 429 U.S. 492, 495. The relevant inquiry is, given the totality of the circumstances, whether a reasonable person in the individual's position would have believed that she was not free to leave. Berkemer v.McCarty (1984), 468 U.S. 420, 442; State v. Gumm,73 Ohio St.3d 413, 429, 1995-Ohio-24; State v. McCrary, 2d Dist. No. 18885, 2002-Ohio-396 (stating that the issue is whether a reasonable person in the defendant's position would have understood that she was in custody, and was likely to remain in custody for more than a short period of time).
 {¶ 10} Appellant argues that she was in custody when she was at the police station giving a statement, and thus the patrolman's failure to Mirandize her renders her statement inadmissible. We disagree; appellant was not in custody at the time of the statement. "The requirement of warnings [is not] to be imposed simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect." State v. Biros, 78 Ohio St.3d 426, 440,1997-Ohio-204 quoting, Mathiason, 429 U.S. at 495. Accordingly, the fact that she gave a statement at the police station does not automatically impose the requirement that she must be Mirandized.
 {¶ 11} Furthermore, since she was not arrested, the restraint on her freedom of movement must be significant in order for her to be considered in custody. State v. Fille, 12th Dist. No. CA2001-08-066, 2002-Ohio-3879. Given the evidence presented at the suppression hearing, it does not appear there was any restraint placed upon her freedom. Appellant voluntarily returned Patrolman McKenzie's phone call. (Tr. 8). She voluntarily drove herself to the station to talk to the patrolman. The patrolman testified that he did not use any tricks, threats or coercion to get her to come to the station. (Tr. 30). She willingly agreed to make a crash statement. (Tr. 10). She also agreed to answer a few additional questions. (Tr. 11). After all this occurred, she left the station. Given that every action she took was done willingly, it is hard to conclude that her liberty was restrained at all by the patrolman. She was free to leave at anytime; thus at the time of her statement she was not "in custody" for purposes of Miranda. State v. Maurer (1984), 15 Ohio St.3d 239 (stating if a person is free to leave at all times, she is not in custody). Given the totality of the circumstances, this court agrees with the trial court that at the time of the statement appellant was not "in custody."
 {¶ 12} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, P.J., concurs.
Donofrio, J., concurs.