{¶ 1} The State of Ohio ("state") appeals from the decision of the trial court granting appellee Ted Brito's ("Brito") motion to suppress. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the trial court.
 I. {¶ 2} On October 25, 2002, Brito was driving his SUV on Forest Avenue, a two-lane roadway near East 121st Street, and brought the car to a stop to allow his passenger to exit. During that time, two cars drove around it, but there was no accident, horn blowing or altercation as a result of his action. Police officers Mokshefski and Tews, in a zone car on Forest Avenue, an area described by them as a high drug activity area, saw the stopped SUV and noted that "traffic had to go around him." After Brito drove away, the officers, who contended that a drug transaction may have occurred, stopped their car in the street, questioned Brito's passenger, and were told he had been dropped off after having been to a bar. They followed Brito's SUV and then stopped it on East 116th Street.
 {¶ 3} The officers discovered that Brito had outstanding warrants and no operator's license. He was arrested and placed in the zone car. When an inventory search of his vehicle revealed a glass tube on the driver's seat, he was then advised that he was under arrest for a probable drug law violation. He was cited for operating a motor vehicle without a license, not wearing a seatbelt and impeding the flow of traffic. Later he was indicted for possession of cocaine in an amount less than five grams.[1]
 {¶ 4} After the suppression hearing, the judge granted Brito's motion.
 II. {¶ 5} The state's assignments of error are substantially interrelated and will, therefore, be addressed together. Appellant's first assignment of error states: "The trial court err [sic] in granting the appellee's motion to suppress because the police officers had probable cause to stop the vehicle as the result of a traffic violation." Appellant's second assignment of error states: "The trial court err [sic] in granting the appellee's motion to suppress because the confiscated evidence was obtained as the result of a constitutionally valid [sic] inventory search of the vehicle prior to towing." Appellant's third assignment of error states: "The trial court's granting of the motion to suppress was against the manifest weight of the evidence."
 {¶ 6} Our standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. See State v. Winand (1996),116 Ohio App.3d 286, citing Tallmadge v. McCoy (1994),96 Ohio App.3d 604. In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses. State v. Hopfer (1996),112 Ohio App.3d 521. However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard. Terry v. Ohio (1968), 392 U.S. 1 at 21.
 {¶ 7} In Terry, the United States Supreme Court held that a police officer may stop and investigate unusual behavior, even without probable cause to arrest, when he reasonably concludes that the individual is engaged in criminal activity. "In justifying a Terry-type intrusion, however, the police officer may not rely upon a mere hunch or an unparticularized suspicion."State v. Ford (1989), 64 Ohio App.3d 105, quoting State v.Price, (June 10, 1987), Montgomery App. No. 9760. "The police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."
 {¶ 8} We find the trial judge's findings to be supported by competent, credible evidence. The hearing was on the record in open court and the judge indicated his reasons on the record before making his decision. In the case at bar, there were no signs posted prohibiting stopping for passenger drop-off at the site where the police first noted Brito's stopped vehicle.[2] No one blew a horn or stopped for a long time behind it.[3] In addition, there were no accidents as a result of the few cars moving around the stopped vehicle.[4] Aside from the alleged impeding of traffic flow, Brito did not engage in any other traffic violations.[5]
 {¶ 9} The police stopped the passenger who exited the car and questioned him before proceeding to drive on and later stop Brito. They did not stop him until after he had dropped off his passenger and driven several blocks. If the stop was primarily due to a traffic violation and not a pretext to search the driver and the vehicle, the police should have stopped Brito immediately to cite him. Instead, they allowed him to continue on while questioning the passenger. When such questioning of the prior passenger did not result in a criminal offense, they drove on and stopped Brito further down the road.
 {¶ 10} This court is sensitive to the fact that the police are out in the community for a legitimate purpose and that traffic stops sometimes reveal larger criminal activity. It is the nature of law enforcement to conduct crime prevention in this manner. However, we must also be sensitive to the rights of the individuals. There is a constitutional right to be free from unreasonable searches and seizures. If the reason the police stopped Brito was because of a traffic violation, they should have stopped and questioned him immediately after he engaged in the violation. Instead, they only stopped him after the questioning of his passenger yielded no criminal offenses. The police have the right to stop citizens when they engage in criminal activity; however, they do not have the right to continue stopping individuals until they obtain the result they are looking for.
 {¶ 11} In the case at bar, the trial judge did not err in granting the motion to suppress. Even if the police had probable cause to stop the vehicle as a result of the alleged traffic violation, they should have immediately stopped the vehicle and cited the driver instead of questioning the passenger on the street. They did not obtain any evidence of a crime before continuing on in pursuit of the vehicle. We find the trial judge's granting of the motion to suppress not to be against the manifest weight of the evidence.
 {¶ 12} The state's three assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., concurs; Colleen Conway Cooney, J., concurs injudgment only.
[1] R.C. 2925.11, a fifth-degree felony.
[2] Tr. at 28-29.
[3] Tr. at 67.
[4] Tr. at 60.
[5] Tr. at 33.