JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Christopher Hertzel, appeals the trial court's decision denying his motion to suppress. After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} The incident that gave rise to the charges against appellant occurred on June 26, 2005 when the police were called to the home of Ruth Hartman in Seven Hills, Ohio. Hartman originally called the police to report the unauthorized use of her vehicle by appellant, who is her grandson. When the police arrived at her home, the car had been returned; however, Hartman notified police that she had served appellant with an eviction notice on June 13, 2005 and wanted him removed from her home. Appellant had lived with Hartman on and off since he was 19 years-old,[1] but he failed to pay rent consistently, would use her vehicle without permission and generally took advantage of her and caused her problems.
 {¶ 3} Seven Hills police officer Jason Greenway approached appellant and advised him that he was going to have to leave his grandmother's house. Officer Greenway accompanied appellant to his room so he could retrieve some of his belongings before leaving. The officer testified that appellant had exhibited odd behavior in the past, and he had a very silent reaction to his grandmother's order to leave. Greenway felt that he should accompany appellant to his room to ensure that he left peacefully and did not take anything that did not belong to him.
 {¶ 4} As appellant packed his belongings, Greenway noticed that there were several unusual items in the bedroom, including acetone, paint thinner and mason jars. Greenway also observed a crack pipe laying on a table in plain view. Appellant was arrested for possession of a crack pipe, and Greenway asked Hartman for permission to search her home.
 {¶ 5} After observing the accelerants in appellant's room, Greenway called K-9 officer Daniel Kappus for backup. When Kappus observed the items in appellant's room, he immediately knew that all of the elements necessary for the manufacture of methamphetamines were present. The two officers further observed a large metal mortar round with white residue on it, indicating it might have been used to grind pills. Knowing the danger that a methamphetamine lab posed to individuals residing in and near the house, and fearing that the mortar round could be live, Kappus evacuated Hartman and her adjoining neighbors from their homes. After the evacuation, the Ohio Bureau of Criminal Investigations and the Drug Enforcement Administration were called in to dismantle the lab.
 {¶ 6} On July 22, 2005, appellant was indicted on one count of drug possession, in violation of R.C. 2925.11, a felony in the second degree; one count of illegal manufacture of drugs, in violation of R.C. 2925.04, a felony in the second degree; and one count of illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.01, also a felony in the second degree. He was arraigned on July 27, 2005 and entered a plea of not guilty. On February 6, 2006, he filed a motion to suppress. The trial court conducted a hearing on the motion to suppress on February 7, 2006, and it was denied. On the same day, appellant entered a plea of no contest and was sentenced to a three year term of incarceration.
 {¶ 7} Appellant brings this appeal asserting one assignment of error for our review.
 {¶ 8} "I. The trial court's failure to grant the motion to suppress was in error as the warrantless search of appellant's rented room violated his federal constitutional rights under the fourth andfourteenth amendments."
 {¶ 9} Appellant argues that the trial court erred when it denied his motion to suppress. More specifically, he asserts the warrantless search violated his constitutional rights because he had a reasonable expectation to privacy in his room and did not give the police consent to conduct the search.
 {¶ 10} Our standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. See State v. Winand (1996), 116 Ohio App.3d 286, 688 N.E.2d 9, citing Tallmadge v. McCoy (1994), 96 Ohio App.3d 604, 645 N.E.2d 802. This is the appropriate standard because "in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer ( 1996),112 Ohio App.3d 521, 679 N.E.2d 321. Once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard.
 {¶ 11} Although appellant occupied a room on and off over several years in the home of Hartman, who is his elderly grandmother, he rarely paid rent, frequently drove her car without permission, and caused her various problems. As a result of his behavior, Hartman had served him with an eviction notice demanding that he immediately vacate the premises. On the evening of appellant's arrest, Hartman specifically asked Officer Greenway to aid her in removing appellant from her home. Greenway did not enter appellant's room with the intent to conduct a search — his only purpose was to enable appellant to pack his belongings and then safely escort him out of Hartman's home.
 {¶ 12} As Greenway watched appellant pack, he noticed a crack pipe and several accelerants in his room. It is important to note that all of these items were in plain view, and appellant made no effort to conceal them. Because Greenway was present for the legitimate purpose of removing appellant from Hartman's home, and all of the items seized were in plain view, appellant's constitutional rights were not violated by the warrantless search.
 {¶ 13} It is clear that the trial court's decision to deny appellant's motion to suppress was supported by competent and credible evidence. Accordingly, the trial court did not err, and appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., PRESIDING JUDGE
JAMES J. SWEENEY, J., CONCURS;
CHRISTINE T. McMONAGLE, J., CONCURS IN JUDGMENT ONLY.
[1] At the time of the incident, appellant was 32 years of age.