[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 789 
{¶ 1} The state of Ohio appeals the trial court's grant of Brianna Hoppert's motion to suppress. After a thorough review of the record, and for the reasons set forth below, we reverse and remand.
 {¶ 2} The facts that gave rise to this appeal began on the morning of March 31, 2007. On that date, Lakefront State Parks police officer Ronald Haines was patrolling the Gordon State Park in Cleveland and observed a pickup truck parked next to a Volkswagen. After running a registration check on the vehicles, he learned that the owner of the truck, Jonathon Hoover, had had his driver's license suspended and that the owner of the Volkswagen (appellee Hoppert) had been released on parole from a prior heroin drug-trafficking case.
 {¶ 3} Officer Haines observed a male in the truck's driver seat and a female in its passenger seat; there were no occupants in the Volkswagen. The truck's occupants got out of the vehicle and started walking towards the closed restrooms. The pair eventually turned around and got back into the truck. The male started the truck, and Officer Haines initiated a traffic stop based upon the suspended license.
 {¶ 4} Officer Haines asked the truck's occupants for identification and was able to identify the male as Hoover and the female as Hoppert. The officer arrested Hoover for driving under suspension. Hoover told the officer that there was a "heroin spoon" in a container behind the passenger seat. According to Officer Haines, he found the spoon in the container in the back seat within Hoppert's *Page 790 
reach. The officer also found a capped hypodermic needle near the truck. Thereafter, Officer Haines handcuffed Hoppert.
 {¶ 5} Officer Haines radioed for a K-9 unit to search the truck for more drugs and then began inventorying the vehicle. According to the officer, there were clothes and other personal belongings in the truck, indicating that Hoover had been living out of the truck. The police dog found no drugs in the truck. Then the police had the dog sniff Hoppert's car, and it alerted to two locations on her car, including the driver's-side door handle and the front, passenger-side fender area. As a result of the open-air sniff, Officer Haines searched the interior of Hoppert's car and found a spoon with heroin residue under the front passenger floor mat.
 {¶ 6} On July 30, 2007, a Cuyahoga County grand jury indicted Hoppert on one count of drug possession under R.C. 2925.11(A) and one count of possession of criminal tools, to-wit: spoon and/or hypodermic needle and/or screwdriver, under R.C. 2923.24(A). On November 9, 2007, Hoppert filed a motion to suppress. On April 1, 2008, the trial court held a hearing and granted Hoppert's motion to suppress only the items found in her car (the second spoon and heroin residue). On August 27, 2008, the trial court stayed the case pending a ruling by this court on this appeal.
 Review and Analysis {¶ 7} The state brings this appeal, asserting one assignment of error for our review:
 {¶ 8} "I. The trial court erred when it ruled that police were required to have reasonable articulable suspicion before using a drug-sniffing dog on the exterior of appellee's car when appellee was lawfully detained."
 {¶ 9} The state argues that the trial court erred when it granted Hoppert's motion to dismiss. This argument has merit.
 {¶ 10} The trial court found that once Hoppert had produced her identification for Officer Haines, "there was no reasonable articulable suspicion that would lead [the police] to call the dog to search" her car. The trial court granted Hoppert's motion to suppress the evidence in her car only (the spoon and heroin residue). The judge denied the motion as to the evidence in Hoover's truck.
 Motion to Suppress {¶ 11} When considering a trial court's denial of a motion to suppress, this court's standard of review is divided into two parts. In State v. Lloyd (1998),126 Ohio App.3d 95, 100-101, 709 N.E.2d 913, the court stated: "Our standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. See State v. Winand (1996), *Page 791 116 Ohio App.3d 286, 688 N.E.2d 9, citing City of Tallmadgev. McCoy (1994), 96 Ohio App.3d 604, 645 N.E.2d 802. * * * This is the appropriate standard because `in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.'State v. Hopfer (1996), 112 Ohio App.3d 521,679 N.E.2d 321. However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard."
 The Fourth Amendment {¶ 12} The Fourth Amendment to the United States Constitution states that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." Police must obtain a warrant based on probable cause before they conduct a search; however, the warrant requirement is subject to a number of well-established exceptions.Coolidge v. New Hampshire (1971), 403 U.S. 443,454-455, 91 S.Ct. 2022, 29 L.Ed.2d 564.
 Exception: Terry v. Ohio {¶ 13} Under Terry v. Ohio (1968),392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, a police officer may stop and investigate unusual behavior, even without probable cause to arrest, if he has sufficient evidence to reasonably conclude that criminal activity is afoot. Id. at 31,88 S.Ct. 1868, 20 L.Ed.2d 889. The officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21, 88 S.Ct. 1868, 20 L.Ed.2d 889. An investigatory stop "must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." United States v. Cortez
(1981), 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621.
 {¶ 14} In the case at bar, the officer had the right to search Hoover's truck after arresting him for the traffic violation, and because Hoover admitted that he had drug paraphernalia in his vehicle. When a police officer discovers contraband following a lawful warrantless search of a car, he has probable cause to arrest all of the occupants of the vehicle. Maryland v. Pringle (2003), 540 U.S. 366,124 S.Ct. 795, 800-801, 157 L.Ed.2d 769. After discovering the heroin spoon in the truck, the officer had the right to arrest both Hoover and Hoppert. The police arrested Hoover and handcuffed Hoppert. *Page 792 
 Exception: Drug-Sniffing Dogs {¶ 15} We find that, even if the officer did not have a right to conduct an inventory search, he had a right to search Hoppert's vehicle because the drug-sniffing dog alerted to the presence of drugs on the outside of Hoppert's car.
 {¶ 16} The use of a drug-sniffing dog to search for contraband does not constitute a search under theFourth Amendment. See United States v. Place (1983),462 U.S. 696, 707, 103 S.Ct. 2637, 77 L.Ed.2d 110. In State v.Ray, Medina App. No. 03CA0062-M, 2004-Ohio-3412,2004 WL 1462580, the court stated that a canine sniff is not so intrusive as to be a search within the meaning of theFourth Amendment "so long as the sniff' occurs in a place wherethe officers have a right to be." (Emphasis added.) See also State v. Bell (Feb. 11, 2002), 12th App. No. CA2001-06-009, 2002 WL 205502 (holding that the use of a dog to sniff the exterior of a vehicle that is lawfully detained does not constitute a search that violates the Fourth Amendment).
 {¶ 17} In order for Hoppert to demonstrate aFourth Amendment violation, she must be able to show that she had a legitimate expectation of privacy in the area searched.Rawlings v. Kentucky (1980), 448 U.S. 98, 104,100 S.Ct. 2556, 65 L.Ed.2d 633, citing Katz v.United States (1967), 389 U.S. 347, 88 S.Ct., 507,19 L.Ed.2d 576.
 {¶ 18} Further, in State v. Ray, 9th Dist. No. 03CA0062-M, 2004-Ohio-3412, 2004 WL 1462580, ¶ 14, citing United States v. Reed (C.A.6, 1998),141 F.3d 644, 649, the court remarked that the United States Court of Appeals for the Sixth Circuit had noted the similarities between a dog sniff and the plain-view doctrine, stating: "As long as the observing person or the sniffing canine are legally present at their vantage when their respective senses are aroused by obviously incriminating evidence, a search within the meaning of the Fourth Amendment has not occurred."
 {¶ 19} Hoppert had no legitimate expectation of privacy outside of her vehicle because she had parked her car in a public place. Further, the "sniffing canine" was legally present because it was in a public place. Because Hoppert had no expectation of privacy, and because the drug-sniffing dog was legally present in a public place, the officers were permitted to use it on the car's exterior, regardless of the incident in Hoover's car.
 {¶ 20} We find that the evidence found in Hoppert's car was admissible. Because Hoppert had no expectation of privacy outside of her vehicle, the police had a right to search her car after the drug dog sniffed the outside of her car and alerted that drugs were in the vehicle. Accordingly, the state's assignment of error is sustained. *Page 793 
 {¶ 21} The judgment is reversed and the cause remanded to the lower court for further proceedings consistent with this opinion.
Judgment accordingly.
GALLAGHER, P.J., concurs.
STEWART, J., dissents.